## 62732. CAGLE v. THE STATE.

POPE, Judge.

Charles Cagle was indicted for the offense of aggravated assault upon his wife and convicted by a jury of simple battery. From this verdict and sentence of one year's confinement and a fine of $1,000, and the overruling of his motion for new trial, he appeals.

1. The trial court did not err in refusing to give the pre-evidentiary charge requested by the defendant. When the state objected to the charge as requested by defense counsel, the court correctly ruled that since such a charge was not required this instruction would not be given to the jury prior to hearing evidence. *Clark v. State,* 141 Ga. App. 257 (1) (233 SE2d 246) (1977).

2. Cagle contends that after granting his motion for full recordation, the trial court erred in not supervising the court reporter, allowing him to leave portions of the record out of the transcript. It is asserted that because arguments of counsel are "blantly [sic] absent" from the transcript, defense counsel is unable to say what prejudice occurred which would have required a new trial if transcribed. However, it is stated by affidavit of the court reporter that all proceedings were fully recorded in accord with the

instructions of the trial court and that the full record is in his possession and available to all parties to be transcribed upon request. In the absence of any instruction or request to provide a full transcription of the entire proceeding, a transcript was prepared for the permanent record in the normal manner, viz., without the voir dire or arguments of counsel. It thus appears that appellant never requested a full *transcript* — he requested and received only a full *recordation.* It was the duty of defense counsel to note and except to any trial errors and to pursue a full transcription thereof if desired. His lack of diligence cannot be delegated as reversible error on the part of the trial court or court reporter on appeal. Code Ann. § 24-3105; *Page v. State,* 159 Ga. App. 344 (6) (283 SE2d 310) (1981).

3. Appellant protests the trial court's allowing the victim to testify as to prior acts of violence he committed against her. This enumeration is likewise without merit: not only did defense counsel fail to object to this testimony when it was presented, he then asserted his right to cross examination on the subject. "Where counsel elicits testimony unfavorable to his client, he will not be heard to object to it. [Cit.] Moreover, in this state, it is necessary to object to evidence at the time it is actually offered, and failure to do so amounts to a waiver of any objection which might have been raised." *Cole v. State,* 156 Ga. App. 6, 7 (274 SE2d 64) (1980).

4. In the instances cited by appellant where the trial court directed or admonished certain witnesses and defense counsel, no abuse of discretion has been shown. "While every defendant has the right to a thorough and sifting cross examination of adverse witnesses, Code Ann. § 38-1705, this right is not unlimited. 'It shall be the right of a witness to be examined only as to relevant matter; and to be protected from improper questions and from harsh or insulting demeanor.' Code Ann. § 38-1704. Consequently, the trial judge has discretion to control the scope and manner of cross examination and this discretion will not be curtailed absent some clear abuse." *Whitley v. State,* 137 Ga. App. 68, 69 (223 SE2d 17) (1975). See also *Mitchell v. State,* 157 Ga. App. 146 (2) (276 SE2d 658) (1981).

5. Appellant's remaining enumerations are not supported by argument or citation of authority and therefore must be considered abandoned on appeal. Court of Appeals Rule 15 (c) (2); *Mitchell v. State,* supra at (1).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

Decided January 5, 1982.

*Robert J. Reed, B. Andrew Prince,* for appellant.
*Jeff C. Wayne, District Attorney, Charles H. Frier, Assistant District Attorney,* for appellee.