A89A1450. WIGLEY v. THE STATE.
(389 SE2d 769)

BEASLEY, Judge.
Wigley appeals her convictions of simple assault, OCGA § 16-5-20, pointing a pistol at another, OCGA § 16-11-102, and of criminal trespass, OCGA § 16-7-21 (b) (2). See connected case *Wigley v. Hambrick*, 193 Ga. App. 903 (389 SE2d 763) (1989).

Viewed in the light favorable to the verdict, the evidence was that defendant was the wife of Edward Bonner. He and she lived in the house which had been owned by his first wife, Alice. Upon Alice's death, a life estate passed to Edward and upon his death a life estate passed to her son Thomas. Upon Thomas' death, Alice's will provided that the home would go to Patricia Hamrick (also referred to as Hambrick), Alice's daughter and Tommy's sister.

As reflected in the opinion in Case No. A89A0900, there was a bitter struggle over Edward Bonner's right to a year's support from Alice's estate, which right has been resolved against him based on his marriage to defendant before he applied for the year's support.

Mr. Bonner died on March 4, 1988. His appeal of the year's support issue was then taken over by defendant, his substituted executrix. The house had been rented and on March 12, Ms. Hamrick went to the house to collect the rent. Because of the continuing dispute with defendant, Ms. Hamrick asked her daughter and an off-duty police officer who was dating the daughter to accompany her. The three walked up the driveway and Ms. Hamrick was attempting to open the

door when the officer noticed defendant standing at an adjacent sliding glass door with a revolver pointed at them. Defendant yelled that she was going to shoot and the officer escorted the women away.

On April 1 a hearing was held in the civil matters before a magistrate who read Alice Bonner's will and a letter from Tommy's guardian and told defendant not to go back to the house. The next day, Ms. Hamrick returned to the house, found defendant, and called the police. They arrested defendant.

1. Appellant filed a motion to transfer the criminal trespass count only from state court to superior court because of the civil litigation pending there regarding the year's support. The motion was denied and is enumerated as error.

State courts and superior courts have concurrent jurisdiction of misdemeanors. Ga. Const. Art. VI, Sec. III, Par. I and Art. VI, Sec. IV, Par. I; OCGA § 15-7-4 (1). Criminal trespass is a misdemeanor and the denial of the motion was not error.

2. Enumerations 2, 4, and 8 all claim error in certain remarks of the court alleged to be in violation of OCGA § 17-8-57.

All of the comments dealt with the court's ruling that the pending appeal in the year's support matter was not relevant to the criminal violations. Defendant, who represented herself, continually attempted to make statements during her questioning of witnesses concerning her claim to own the property. The court explained to her that the civil claims between defendant and the Hamricks were not admissible.

None of the comments referred to by defendant was objected to in the state court and was not preserved for our review. *Santone v. State*, 187 Ga. App. 789, 792 (4) (371 SE2d 428) (1988); *Parrish v. State*, 182 Ga. App. 247, 248 (3) (355 SE2d 682) (1987).

If the merits were to be reached, the enumerations would be faced with the rule that "remarks of a trial judge which inform the jury of the reason for the ruling excluding evidence generally constitute neither an expression of opinion nor a comment on the evidence within the meaning of OCGA § 17-8-57. [Cits.]" *Santone*, supra at 792.

3. Enumeration 3 alleges error in the state court's "disposing of the property of the deceased Eddie Lee Bonner prior to appointment of defendant as administratrix (sic). . . ." There having been no such ruling by the court in this case, there could be no error.

4. The fifth enumeration, to the extent that it is supported by argument in her brief, alleges that it was error for defendant to be prosecuted for these misdemeanors by accusation unsupported by affidavits. OCGA § 17-7-71 provides that "[t]he accusation need not be supported by an affidavit except in those cases where the defendant has not been previously arrested in conjunction with the transaction

charged in the accusation and where the accusation is to be used as the basis for the issuance of a warrant for the arrest of the defendant."

The record contains two affidavits for the charges here, fully complying with the statutory requirements. *Manning v. State*, 175 Ga. App. 738, 739 (1) (334 SE2d 338) (1985).

5. Enumeration 6 deals with matters not contained in the record and presents nothing reviewable.

6. Enumeration 9 claims error in the trial court's sealing of the jury list, effected by order of September 28, 1988. Defendant apparently is also contending that some matters concerning this sealing were improperly not taken down. In misdemeanor cases, whether to have the case reported at all is a matter of discretion for the trial court. OCGA § 5-6-41 (b). The court did allow takedown of the trial proceedings but apparently not of its sealing of the list after trial concluded. The burden is on defendant to arrange for transcription and to pay for it. OCGA § 15-14-5; *Ward v. State*, 188 Ga. App. 372 (373 SE2d 65) (1988); *Williams v. State*, 165 Ga. App. 553 (1) (301 SE2d 908) (1983); *Cagle v. State*, 160 Ga. App. 803 (2) (287 SE2d 660) (1982). Not having done so, defendant may not complain. Also, the record does not indicate that she ever objected to the sealing which is the subject of the ninth enumeration. Even if the court did not allow her presence, a written motion objecting could have been filed. Finally, even if objection had been made, there is no showing of harm from any such sealing. "This court is not an expounder of theoretical law but it administers practical law, and corrects only such errors as have practically wronged the complaining party. [Cit.]" *Leverett v. Flint Fuel*, 183 Ga. App. 75, 78 (3) (357 SE2d 882) (1987).

7. The tenth enumeration deals with the trial court's denial of defendant's objections to the transcript. The trial court apparently treated defendant's objections as a motion under OCGA § 5-6-41 (f) and denied it by order of March 27, 1989. That section is solely for the purpose of making the record speak the truth, not for adding evidence to the record or supplying fatal deficiencies after the fact. *Ray v. Standard Fire Ins. Co.*, 168 Ga. App. 116 (1) (308 SE2d 221) (1983). The matters contained in defendant's objections are of such a nature and the denial of the objections was not error.

8. At the close of the State's case, defendant made a motion for directed verdict on the criminal trespass count only, contending that there had been no proof of ownership of the property. Patricia Hambrick testified that the property passed to her after the end of Thomas' life estate. Thomas was still alive; a letter from his guardian gave Hambrick authority to protect Thomas' interests, including getting defendant off the property. This was proof of ownership and authority under OCGA § 16-7-21. Denial of the motion was not error.

9. Enumeration 11 alleges error in the trial court's refusal to release two bonds which had been posted by members of defendant's family. The right to the release of those funds belongs not to defendant but to the sureties on those bonds. Since she has no standing to pursue those funds, denial of defendant's motion was correct.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 28, 1989 —
REHEARING DENIED DECEMBER 15, 1989 — ▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬

Ira Lee Wigley, *pro se.*

Ralph T. Bowden, Jr., Solicitor, N. Jackson Cotney, Jr., Neal R. Bevans, Assistant Solicitors, for appellee.