## S93A0711. SPANN v. THE STATE.
(434 SE2d 54)

SEARS-COLLINS, Justice.

Nathaniel Sabastian Spann was convicted in Chatham County Superior Court of malice murder and possession of a firearm during the commission of a felony.[1] He was sentenced to life imprisonment for malice murder and five years for possession of a firearm during the commission of a felony, to run consecutively.

1. Spann contends that the evidence was not sufficient to support the verdict. We find that there was sufficient evidence for the jury to find the following facts: On the evening of July 4, 1990, the victim, Donald Norman, and two of his friends left a cookout to go joyriding. After picking up another friend, John Roundtree, they went to Hitch Village, a neighborhood in Savannah. There the four men split into two pairs to walk around. Norman and Roundtree passed Spann on the sidewalk and had a brief but unpleasant exchange of words. Spann returned moments later and after another brief exchange of words between the three men, shots rang out. Norman ran to a nearby porch, where he died of a gunshot wound to the chest.

At trial, there was conflicting testimony among witnesses about the number of shots fired, the length of time between shots, whether Norman, the victim, was armed and if so, who shot first. Several witnesses testified that Norman was unarmed; others, including Spann, testified that Norman was armed, and fired the first shot. Spann claims he only returned fire in self-defense.

"This court does not weigh the evidence on appeal or resolve conflicts in trial testimony." *Booker v. State*, 257 Ga. 37, 38 (354 SE2d 425) (1987). When considered in the light most favorable to the verdict, we find that the evidence was sufficient to permit a rational trier of fact to find beyond a reasonable doubt that Spann is guilty of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Spann also argues that the trial court failed to clearly define the presumption of innocence in its charge to the jury by failing to inform the jury that it had a "duty to acquit" if it did not find guilt beyond a reasonable doubt. While the trial court did not use these exact words, see *Kelly v. State*, 241 Ga. 190, 191-192 (243 SE2d 857) (1978), the record reveals that the trial court repeatedly and properly instructed the jury regarding the defendant's presumption of inno-

---

[1] The crimes were committed on July 4, 1990. Spann was indicted on October 10, 1990, tried on May 20-23, 1991, and sentenced on May 23, 1991. The transcript was certified by the court reporter on August 23, 1991. Spann's motion for new trial was filed on June 17, 1991, and was denied on December 22, 1992. Spann filed his notice of appeal on January 13, 1993. The appeal was docketed in this Court on February 11, 1993, and submitted without oral argument on March 26, 1993.

cence and the state's burden of proof. Therefore, this contention has no merit.

3. Finally, Spann argues that the trial court erred in denying his motion for new trial based on the testimony of a witness who did not testify at trial, Kenneth Washington. At the hearing on the motion for new trial, Washington testified that he saw Norman shoot at Spann first, and that he saw Roundtree remove Norman's gun from the crime scene. Sam Weatherly, a private investigator, testified at the hearing that he uncovered information that Roundtree took the gun to an apartment occupied by two females.

Where a motion for new trial is based on newly discovered evidence, the movant must satisfy the court that:

> (1) the evidence has come to his knowledge since the trial; (2) it was not owing to the want of due diligence that he did not acquire it sooner; (3) it is so material that it would probably produce a different verdict; (4) it is not cumulative only; (5) the affidavit of the witness is attached to the motion or its absence accounted for; and (6) the new evidence does not operate solely to impeach the credibility of a witness.

*Humphrey v. State*, 252 Ga. 525, 528 (314 SE2d 436) (1984). All six requirements must be satisfied before a new trial will be granted. Id. The trial court denied Spann's motion for new trial for failure to comply with *Humphrey*, but did not specify which requirement or requirements Spann failed to meet.

Spann produced testimony at trial that Norman was armed and shot first, and that Roundtree had a gun after the shooting. To the extent Washington's testimony would establish these facts, therefore, it is cumulative only, and thus does not satisfy the fourth prong of the *Humphrey* test. To the extent Washington's testimony would further establish that the gun used by Norman was the same gun seen later in Roundtree's possession, we are not convinced that it would have produced a different result, since it is the fact that Norman was armed in the first place which would support Spann's theory of self-defense, not what became of the gun after the shooting. Furthermore, there has been "no factual showing that this evidence could not have been discovered by the exercise of ordinary diligence."[2] *Timberlake v. State*, 246 Ga. 488, 491-492 (271 SE2d 792) (1980); see also *Wood v.*

---

[2] Washington testified at the motion hearing that he is a "friend" of the appellant, he has known the appellant since childhood, he was present when the crime was committed, he knows the appellant's mother and he came forward with his knowledge only after talking with the appellant's mother at the jail where she was visiting the appellant and he was visiting another friend.

*Jones*, 175 Ga. App. 534, 536 (334 SE2d 9) (1985) and *Ingram v. State*, 170 Ga. App. 200, 201-202 (316 SE2d 825) (1984).

With respect to the testimony of the private investigator, Weatherly stated that his information that Roundtree removed a gun allegedly used by the victim was "developed on the street" and was unsubstantiated. Furthermore, the two women who were in the apartment to which Roundtree allegedly took the gun testified at the new trial hearing that they did not see Roundtree bring a gun to their apartment that night and never saw a gun in their apartment either that night or thereafter. We find that Spann has failed to show that the investigator's contradicted and admittedly unsubstantiated testimony would probably have produced a different verdict. See *Humphrey*, 252 Ga. at 528.

For these reasons, we find that the trial court did not err in denying Spann's motion for new trial.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 13, 1993.

*Willie T. Yancey, Jr.,* for appellant.

*Spencer Lawton, Jr., District Attorney, Jon C. Hope, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Staff Attorney,* for appellee.