## S02A1355. WRIGHT v. THE STATE.

(573 SE2d 361)

SEARS, Presiding Justice.

Appellant Edward Wright appeals the denial of his motion to correct the transcript of his trial for murder and aggravated assault. Because we conclude that the trial court properly found that appellant's motion lacked any justiciable issue of law or fact, we affirm.

Appellant's convictions for felony murder and aggravated assault were affirmed by this Court in 1997.[1] The evidence showed that appellant fired at least three shots near a parked car, and that one man was killed by a single bullet and another man was injured by two bullets.[2] In November 2000, appellant filed a "Motion to Correct Altered Transcript Pursuant to OCGA § 5-6-41 (f)." The motion argued that in the transcript, witness Brown testified that after appellant fired three shots, there were two bullet holes in the car parked nearby, but that a police detective testified he did not recall

---

[1] *Wright v. State*, 267 Ga. 496 (480 SE2d 13) (1997).
[2] Id.

whether there were any bullets or bullet fragments found in or near the car, and he did not receive a police report regarding the car. In his motion, appellant claimed that the transcription of the police detective's testimony was altered to suppress exculpatory evidence establishing that at least two of the three shots he fired did not hit the victims. Appellant asked the trial court to correct the transcript and to rectify the improper alteration. In December 2000, the trial court found that appellant's motion lacked justiciable issues of law or fact, and the motion was denied.

In March 2002, appellant filed a second "Motion to Correct the Record in Accordance with OCGA § 5-6-41 (f)," in which he asserted the same argument and sought the same relief.[3] Without holding a hearing, the trial court denied this motion as well. Appellant appeals from that denial.

OCGA § 5-6-41 (f) provides that:

> Where any party contends that the transcript or record does not truly or fully disclose what transpired in the trial court and the parties are unable to agree thereon, the trial court shall set the matter down for a hearing with notice to both parties and resolve the difference so as to make the record conform to the truth. . . .

This provision exists solely for the purpose of making the record speak the truth for purposes of appellate review, not for adding evidence to the record or amending deficiencies after appellate review is concluded.[4] In his motion, appellant did not urge that the police detective gave testimony that was any different from what is reported in the trial transcript, nor did appellant's motion describe the correct content of the officer's testimony. Because appellant did not explain how the police detective's actual testimony differed from that reported in the transcript, his motion did not actually contend that the transcript fails to accurately disclose what occurred at trial. Hence, we agree with the trial court that appellant failed to set forth a claim for relief under OCGA § 5-6-41 (f).

Appellant's motion simply urged that because there was a discrepancy between the testimony of the police detective and the testimony of witness Brown, the transcript must have been altered. That argument, however, is purely speculative. Other than appellant's assertion that conflicting testimony evidences a defective transcript, there is nothing to indicate the detective's testimony was altered dur-

---

[3] While this second motion is not included in the record on appeal, all parties and the trial court agree as to its existence, filing and content.

[4] See *Wigley v. State*, 194 Ga. App. 7 (389 SE2d 769) (1989).

ing transcription. It is commonplace for trial witnesses to give conflicting testimony, and the resolution of such conflicting evidence is a matter within the sole province of the trier of fact.[5] Accordingly, to the extent that there was any conflict between the testimony of the detective and Brown, it was resolved by the jury at appellant's trial. It follows that the trial court did not err in concluding that appellant's motion to amend the trial transcript lacked justiciable issues of law or fact, and in denying the motion.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 25, 2002.

Edward Wright, *pro se.*

*Paul L. Howard, Jr.,* District Attorney, *Bettieanne C. Hart,* Assistant District Attorney, for appellee.

---

[5] See *Mallory v. State,* 271 Ga. 150 (2) (517 SE2d 780) (1999).