## A02A2216. STEWART v. THE STATE.

(601 SE2d 755)

PHIPPS, Judge.

This is the second appearance of this case before this court. In *Stewart v. State*,[1] we considered the sufficiency of the evidence, the denial of a motion to sever offenses, and an ineffective assistance claim. Finding no merit to that appeal, we affirmed Stewart's convictions for aggravated battery, rape, attempted rape, and aggravated assault. Subsequently, in *Stewart v. State*,[2] our Supreme Court vacated our opinion solely on the basis of the severance issue and remanded the case for further consideration of that issue. Accordingly, our judgment in that case is vacated as to Division 2, and the judgment of the Supreme Court is made the judgment of this court. After further review of the severance issue, we affirm.

In a multi-count indictment, Stewart was charged with the commission of sixteen separate crimes against five female victims. Prior to trial, Stewart filed a motion to sever offenses. Before the trial commenced, the court conducted a motion hearing. In urging the severance of the offenses, defense counsel argued:

> it would be the contention of the Defense that my client would not be able to get a fair trial based on the prejudicial effect that each separate set of circumstances would pose for a jury, no matter how well the Court would frame it, because each set of circumstances has to rest on themselves independent of the other offenses.

After the state conceded that it had not yet filed a response to Stewart's motion to sever, the trial court asked defense counsel whether he had filed "everything that needs to be filed in that regard," and counsel responded that he had done so. After deciding to allow the state to submit a brief on the question of severance, the court asked defense counsel, "Is that acceptable, Mr. Grile, that we just do this on

---

[1] 259 Ga. App. 117 (576 SE2d 93) (2003).
[2] 277 Ga. 138, 140 (587 SE2d 602) (2003).

brief?" to which Grile answered, "Sure." The court advised defense counsel that if he needed to add anything after reading the state's brief, he could do so.

In support of severance, Stewart contended that a joint consolidated trial would inevitably be prejudicial to him and prevent him from receiving a fair trial. He asserted that the counts related to five separate victims and lacked any "common element of substantive importance in their commission." He also claimed that each incident would not be admissible in the other cases. Stewart's argument relied heavily on *Dingler v. State*[3] and its progeny. Stewart urged that under the ABA Standards on Severance, severance was mandatory to a fair determination of the charges pending against him. He sought five separate trials of the counts that related to each of the five victims.

In response to Stewart's motion to sever offenses, the state argued that "[j]oinder is justified when the offenses are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan." The state maintained that the five separate incidents in the case:

> are based on the same conduct and also show a single scheme or plan. They all involved: (1) the rape, or attempted rape in one case, of females who were walking alone; (2) a beating about the head; (3) all of the females were picked up by the Defendant in the same vicinity of Savannah; (4) two of the females were taken to the same location off of Interchange; (5) two of the females were taken to the same shed; (6) there [are] DNA results relating to Defendant for the one female who was raped in a different location; (7) each female went with Defendant voluntarily at the beginning; (8) Defendant admits in his interview with the detectives to being with each woman; (9) Defendant states he hit each woman because she either stole money or drugs from him.

The state claimed that based on these facts, the five separate incidents reached a level of a pattern and constituted parts of a single scheme or plan. Citing *Dingler v. State*,[4] the state noted that severance is mandatory when requested by the defense if the offenses are joined solely because they are of the same or similar character. But, again, relying upon *Dingler*, the state pointed out that when severance is discretionary, "the test is whether, in light of the number of offenses charged and the complexity of the evidence, the [trier of fact]

---

[3] 233 Ga. 462 (211 SE2d 752) (1975).
[4] Id.

will be able to distinguish the evidence and apply the law intelligently as to each offense." The state claimed that the evidence against Stewart "is not complicated" and so would not create confusion.

A few weeks after the pretrial motion hearing, the trial court exercised its discretion and denied Stewart's motion to sever the offenses. After this court affirmed Stewart's convictions, the Supreme Court granted a writ of certiorari to consider:

> Whether the Court of Appeals properly held that, because evidence of the rapes of any one of the three victims would have been admissible in the other cases as evidence of a similar transaction, the trial court did not abuse its discretion in denying Stewart's motion to sever.

(Citations omitted.)

In addressing the issue of severance, the Supreme Court reaffirmed its holding in *Dingler v. State*[5] and again embraced the ABA Standards on Joinder of Offenses.[6] The Supreme Court reiterated that unless the offenses have been joined *solely* because they are of the same or similar character, "severance is not *mandatory* when evidence of one offense is admissible upon the trial of another offense."[7] The Supreme Court acknowledged the admissibility of evidence of one offense at the trial of another offense is, in fact, "a relevant consideration" but emphasized that a trial court's inquiry does not end there. "A trial court must still determine if severance of the offenses would promote a fair determination of guilt or innocence as to each offense."[8] For that reason, the Supreme Court directed this court to address part (b) of the ABA Standards on Joinder of Offenses, "i.e., whether a trier of fact would have been able to fairly and intelligently assess guilt or innocence as to each charge."[9]

Although the trial court's order here did not explicitly mention *Dingler*, the trial court was not required to enter such finding.[10] Despite Stewart's argument to the contrary, we cannot agree that the crimes "lacked any common element of substantive importance in their commission." In each incident, Stewart approached a lone female walking by herself, befriended the woman, and behaved in a nonthreatening manner. Then, after creating some rapport, Stewart suddenly became violent, beating or striking each woman, then

---

[5] Id.

[6] *Stewart*, 277 Ga. at 138-139.

[7] (Citations omitted; emphasis in original.) Id. at 140.

[8] (Citation omitted.) Id.

[9] (Citation omitted.) Id.

[10] See generally *Miller v. State*, 270 Ga. 741, 744 (3) (512 SE2d 272) (1999).

raping or attempting to rape each of them. Thus, the crimes were perpetrated in a manner that shared important common elements and could be considered as a series of acts connected in their manner of execution. Since the record contains evidence showing that the separate incidents reached a level of a pattern that constituted part of a single scheme or plan, it cannot be said that the offenses at issue were joined *solely* because they were of the same or similar character.[11] Nor do the factual circumstances surrounding the separate charges appear so complicated as to have confused the jury.[12] Having carefully reviewed the evidence presented at trial, we cannot say that the jury was unable to fairly and intelligently assess Stewart's guilt or innocence as to each charge,[13] in view of the number of offenses charged and the complexity of the evidence offered.[14] Therefore, we find that the trial court did not abuse its discretion in denying the motion to sever and allowing the joinder of the offenses for trial.[15]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED JULY 1, 2004 — 

*Martin G. Hilliard*, for appellant.

*Spencer Lawton, Jr., District Attorney, Nancy G. Smith, Assistant District Attorney*, for appellee.

---

[11] See id.

[12] See *Noble v. State*, 275 Ga. 635, 636 (2) (570 SE2d 296) (2002).

[13] The trial court directed a verdict on eight of the sixteen counts because the state was unable to locate the victims of those counts.

[14] *Wilcox v. State*, 271 Ga. 544, 545 (2) (522 SE2d 457) (1999).

[15] See *Pace v. State*, 271 Ga. 829, 832-833 (3) (524 SE2d 490) (1999); *Burrell v. State*, 258 Ga. 841, 843 (2) (376 SE2d 184) (1989).