## A05A1862. JENNINGS v. THE STATE.
### (625 SE2d 492)

BERNES, Judge.

Angus F. Jennings appeals from the order entered by the Superior Court of Clayton County denying his "Motion To Correct Error and Omission in Defendant Trial Transcript." For the reasons set forth below, we dismiss the appeal as moot.

The present case has a protracted procedural history. On January 7-11, 2002, Jennings was tried before a Clayton County jury on multiple counts of statutory rape and aggravated child molestation. During the course of jury deliberations, the jury directed four written communications to the trial court. Jury Note 1 stated: "The jury is hung on one set of charges 11-1." Jury Note 2 asked: "Are we allowed to see copies of testimony from Quavadis Patrick, Tabitha Jennings and Angus Jennings, Sr.?" Jury Note 3 related: "One set of charges has been decided. One set of charges is hung at 10-2. The jury would like the definition of aggravated child abuse restated. The jury would like the directions on impeachment of testimony restated." Finally, Jury Note 4 stated: "This jury is hung 11-1. One juror has refused to discuss the case any more and is adamant he will not change his mind." Following these communications, the jury found Jennings guilty on four counts of aggravated child molestation.

After the entry of judgment of conviction, Jennings filed a motion for new trial, which the trial court denied. Jennings filed a notice of appeal from that decision but subsequently voluntarily dismissed the appeal because he wanted to file an extraordinary motion for new trial based on what he claimed was newly discovered evidence. The appeal was voluntarily dismissed on May 5, 2004.

Thereafter, Jennings filed an extraordinary motion for new trial, and the trial court heard the motion in August 2004. Jennings argued that he could pursue such a motion because the four jury notes constituted newly discovered evidence which he had unearthed only after filing his original motion for a new trial. Jennings further contended that Jury Note 4 had been received by the trial court after giving an *Allen* charge, which he argued would have justified a request for, and grant of, a mistrial. According to Jennings, his trial counsel was never informed of the fourth jury note.

The trial court denied Jennings' extraordinary motion for new trial. The trial court found that Jury Note 4 had been "disclosed to the attorneys" during the course of the trial; that the jury had been polled following the verdict and had indicated that the verdict was freely and voluntarily reached; and that the grant of a mistrial would not have been warranted because it was within the court's discretion to permit further jury deliberations for a reasonable period of time.

However, the trial court did consider and grant Jennings' motion to file an out-of-time appeal.

On October 1, 2004, Jennings filed a consolidated appeal from the judgment of conviction, the denial of his motion for new trial, and the denial of his extraordinary motion for new trial. While Jennings' appeal was pending in this Court, Jennings notified his appointed appellate counsel that he no longer wanted his legal services and planned to handle his appeal pro se. Jennings' appellate counsel subsequently filed a motion to withdraw as counsel, which this Court granted. Then, instead of pursuing his appeal pro se, Jennings filed a motion to dismiss the appeal. This Court granted Jennings' motion, and his appeal was withdrawn on January 14, 2005.

On April 4, 2005, Jennings filed in the trial court his pro se "Motion to Correct Error and Omission of Testimony in Defendant Trial Transcript."[1] Jennings argued that pursuant to OCGA § 5-6-41, the trial transcript should be supplemented to include the four jury notes received by the trial court during the course of his trial. The trial court denied the motion on May 2, 2005. In denying the motion, the trial court found as follows:

> The jury questions are already part of the record. The original questions were filed in the clerk's file and remain there. Three of the four questions were read into the record during the trial and are thus reflected in the transcript. The fourth question is in the clerk's file, was discussed at length during the extraordinary motion for new trial, and is attached to the current motion.

Finding that all four jury notes "are clearly part of the record in this case," the trial court concluded that there was no error in the trial transcript and "no reason to order any changes to same."

On May 24, 2005, Jennings filed his pro se notice of appeal. Jennings stated that he was appealing "the Judgment and Order entered herein on May 2, 2005, the denial of his Motion to Correct Error and Omission in Defendant Trial Transcript." On appeal, Jennings argues that the trial court erred by failing to order that the trial transcript be supplemented to include the four jury notes under OCGA § 5-6-41.

---

[1] Jennings filed multiple motions in the trial court requesting that the record be supplemented to include the four jury notes. For ease of reference, we refer throughout this opinion only to the April 4 motion and the trial court's subsequent order denying that motion from which Jennings now appeals.

Having reviewed the procedural history of this case, we conclude that Jennings' appeal must be dismissed as moot. OCGA § 5-6-41 (f) provides in part:

> Where any party contends that the transcript or record does not truly or fully disclose what transpired in the trial court and the parties are unable to agree thereon, the trial court shall set the matter down for a hearing with notice to both parties and resolve the difference so as to make the record conform to the truth.

"This provision exists solely for the purpose of making the record speak the truth for purposes of appellate review, not for adding evidence to the record or amending deficiencies *after appellate review is concluded.*" (Emphasis supplied.) *Wright v. State*, 275 Ga. 788, 789 (573 SE2d 361) (2002).

In the present case, Jennings argues that the trial transcript should be supplemented to include the four jury notes so that he can further pursue his motions for a new trial. However, while Jennings initially filed notices of appeal from the trial court's orders denying his motion for new trial and his extraordinary motion for new trial, Jennings withdrew those appeals and never refiled them. Thus, the trial court's orders denying those motions have become final and are no longer appealable. See *Mayo v. State*, 148 Ga. App. 213 (251 SE2d 80) (1978) (second notice of appeal from judgment of conviction dismissed as untimely when defendant withdrew initial notice of appeal that had been timely filed and did not refile his notice or move for a new trial within the prescribed 30-day period). See also *Nairon v. Land*, 242 Ga. App. 259, 260 (1) (529 SE2d 390) (2000) ("When the appeal was withdrawn, the trial court's order . . . became final.").

It follows that Jennings is impermissibly seeking to supplement the record "after appellate review [has been] concluded." *Wright*, 275 Ga. at 789. His request to have the four jury notes included in the trial transcript so that he can use the supplemented transcript when arguing his new trial motions has been rendered moot since those motions are no longer pending in the trial court or this Court. See *Gen. Environment v. Daken Properties*, 134 Ga. App. 764, 765 (216 SE2d 354) (1975) (request for transcript of proceedings moot when appeal of trial court's order entered in those proceedings had been withdrawn and order had become final). "[T]he questions presented hav[ing] become moot," Jennings' appeal is subject to dismissal.

OCGA § 5-6-48 (b) (3).[2]
*Appeal dismissed. Blackburn, P. J., and Miller, J., concur.*

DECIDED DECEMBER 16, 2005.

Angus F. Jennings, *pro se.*
*Jewel C. Scott, District Attorney*, for appellee.

---

[2] In any event, as noted by the trial court, copies of all four jury notes can be found in the record.