S11A0728. SMITH v. THE STATE.

(716 SE2d 143)

HUNSTEIN, Chief Justice.

Scott Smith was convicted in 2003 of murder and other crimes. Following the denial of his motion for new trial, this Court affirmed the judgments of conviction and sentences entered on the jury's guilty verdicts. *Smith v. State,* 279 Ga. 172 (611 SE2d 1) (2005). In 2010 Smith filed a post-conviction motion in which he asked the trial court to amend his transcript to make it "conform to the truth," specifically, to amend it to reflect that Smith had been restrained

during his trial by the use of a "stun belt." Smith cited OCGA § 15-1-3 (6)[1] as authority for his motion. See *Ga. R. and Elec. Co. v. Carroll*, 143 Ga. 93 (84 SE 434) (1915) (pursuant to the trial court's duty to make the record speak the truth, trial judge "may and should correct" a palpable clerical mistake made in the transcription of the trial). Smith asserted that failure to amend his criminal trial transcript would hinder his pursuit of post-conviction issues surrounding the use of the stun belt and its effect on Smith throughout his trial. However, Smith never adduced any evidence to support his assertion that he actually wore a stun belt at his trial. The trial court denied the motion, and Smith filed this direct appeal. See generally *Wright v. State*, 275 Ga. 788 (573 SE2d 361) (2002). We affirm.

We assume, arguendo, that Smith has post-conviction remedies pending or available that would avoid rendering his motion moot. Compare *Jennings v. State*, 277 Ga. App. 71 (625 SE2d 492) (2005) (motion to amend transcript for use in arguing new trial motions was rendered moot when those motions were no longer pending in the trial court or on appeal). But see OCGA § 9-14-42 (c) (habeas action as to felony conviction in which death sentence not imposed must be filed within four years of conviction becoming final upon the conclusion of direct review); *Spann v. State*, 263 Ga. 336 (3) (434 SE2d 54) (1993) (setting forth six requirements that must be satisfied for extraordinary motions for new trial). Our assumption in this regard, however, does not help Smith because he has utterly failed to carry his burden of proving by the record that the trial court abused its discretion by denying his motion to amend the trial transcript. See *Walker v. State*, 258 Ga. 443 (7) (370 SE2d 149) (1988) (abuse of discretion is standard applied to denials of motions to amend the trial transcript). See generally *Malcolm v. State*, 263 Ga. 369 (3) (434 SE2d 479) (1993) (burden is on the party asserting error to show error by the record). Affirmance as to this issue thus must necessarily result.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 12, 2011 —
RECONSIDERATION DENIED OCTOBER 17, 2011.

Scott Smith, *pro se.*

---

[1] "Every court has power: . . . (6) To amend and control its processes and orders, so as to make them conformable to law and justice, and to amend its own records, so as to make them conform to the truth."

*T. Joseph Campbell, District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.