# Court of Appeals
# of the State of Georgia

ATLANTA,  October 22, 2018

*The Court of Appeals hereby passes the following order:*

**A19A0458. JAMES STEWART, JR. v. THE STATE.**

James Stewart, Jr., was convicted of aggravated battery, rape, and other crimes. We affirmed his convictions on appeal, rejecting Stewart's challenges to the sufficiency of the evidence, the adequacy of his counsel, and the trial court's refusal to sever the offenses. *Stewart v. State*, 259 Ga. App. 117 (576 SE2d 93) (2003). The Supreme Court vacated our judgment and remanded the case for further consideration of the severance issue only. *Stewart v. State*, 277 Ga. 138 (587 SE2d 602) (2003). On remand, we reconsidered the severance issue and once again affirmed Stewart's convictions. *Stewart v. State*, 268 Ga. App. 243 (601 SE2d 755) (2004).

Stewart later filed a "Motion for Correction of Transcript," alleging that certain inaccuracies in his trial transcript deprived him of due process and fair appellate review. The trial court denied the motion, and Stewart appeals. We, however, lack jurisdiction.

While OCGA § 5-6-41 (f) provides a procedure for correcting a trial court record, "[t]his provision exists solely for the purpose of making the record speak the truth for purposes of appellate review, not for adding evidence to the record or amending deficiencies after appellate review is concluded." *Wright v. State*, 275 Ga. 788, 789 (573 SE2d 361) (2002). A party may not seek to amend the record after appellate review has concluded. *Jennings v. State*, 277 Ga. App. 71, 73 (625 SE2d 492) (2005). Here, appellate review of Stewart's convictions concluded 14 years ago,

and the record reveals no pending challenge to those convictions.[1] Accordingly, questions concerning the accuracy of the transcript have become moot. See *Jennings*, 277 Ga. App. at 73. This appeal is therefore DISMISSED as moot. See OCGA § 5-6-48 (b) (3).



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,   10/22/2018*
 *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
 *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] Even if such a challenge were pending, we note that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).