306 Ga. 365
FINAL COPY

S19A0348.  WILLIAMS v. THE STATE.

Blackwell, Justice.

Robert Lewis Williams appeals pro se from the denial of his motion to recuse and the apparent denial of his motion to vacate an earlier order, in which the trial court refused his motion to correct certain transcripts. We affirm.

Williams was convicted of murder and the unlawful possession of a firearm during the commission of a felony. He appealed, and this Court affirmed his convictions. See Williams v. State, 282 Ga. 561 (651 SE2d 674) (2007). Williams then filed a petition for a writ of habeas corpus. That petition was denied, Williams filed an application for a certificate of probable cause, and we denied the application. See Williams v. Frazier, Case No. S13H0078 (March 28, 2014).

More than two years after his state habeas proceedings were concluded by our denial of his application, Williams filed two

motions in the court of conviction, in which he sought "corrections" of the transcripts of his trial and the hearing on his motion for new trial. In April 2017, the court of conviction denied those motions. Williams failed to timely appeal the denial of those motions.[1] Williams then filed a motion in August 2017 to "vacate and set aside" the April 2017 order, arguing, among other things, that the court failed to give him notice of the order until after the time to appeal had expired.[2] In March 2018, having received no ruling on his motion to vacate, Williams filed a motion to recuse all of the judges of the Macon Judicial Circuit.

In August 2018, the court of conviction entered an order denying the motion to recuse and the earlier motion to vacate the April 2017 order.[3] Williams now appeals from the August 2018

---

[1] Williams attempted in July 2017 to appeal the denial of his motions to correct transcripts, but we dismissed his application for discretionary review as untimely. See Williams v. State, Case No. S17D1972 (Aug. 10, 2017).

[2] See generally Cambron v. Canal Ins. Co., 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980), disapproved in part by Wright v. Young, 297 Ga. 683, 684 n.3 (777 SE2d 475) (2015).

[3] The August 2018 order says that the motion to vacate is without merit

order. But in his brief to this Court, Williams does not enumerate any claim of error with respect to the August 2018 order. See Supreme Court Rule 19 ("The enumeration of errors . . . shall be stated as a separate part of, and shall be incorporated in, the brief."). See also Adamson v. Sanders, 279 Ga. 187, 188 (611 SE2d 44) (2005) ("Matters not enumerated as error will not be considered on appeal."). Moreover, Williams makes no argument that the denial of his motion to recuse was error, and he likewise makes no argument that the denial of the motion to vacate was error. See Supreme Court Rule 22 ("Any enumerated error not supported by argument or citation of authority in the brief shall be deemed abandoned. . . ."). See also Byron v. State, 303 Ga. 218, 219 (2) (811 SE2d 296) (2018) (claim of error abandoned when appellant offered no arguments in support of claim).

Williams does argue in his brief that the court of conviction

---

because "[a] review of the record shows that [the April 2017] order was mailed on April 4, 2017 to the address provided to the [c]ourt by [Williams]." Although the August 2018 order does not expressly say that the motion to vacate is denied, we accept that it is a denial of the motion to vacate.

erred in April 2017 when it denied his motions to correct certain transcripts. But Williams failed to timely appeal from the April 2017 order, and he cannot now resurrect his claim that the April 2017 order was error by bootstrapping it to his appeal from a subsequent order as to which he has failed to enumerate or argue any claim of error. Indeed, even if Williams were able to demonstrate that the denial of his motion to vacate the April 2017 order was error,[4] we

---

[4] We note in any event that Williams was not entitled to any relief on his motions to correct transcripts. A motion to correct a transcript is justiciable only to the extent that the movant demonstrates a cognizable and individualized interest in the correctness of the transcript, which usually requires the movant to show that he needs a correct transcript for use in some impending or pending subsequent proceeding. See Smith v. State, 289 Ga. 839, 840 (716 SE2d 143) (2011) ("We assume, arguendo, that Smith has post-conviction remedies pending or available that would avoid rendering his motion [to amend the transcript of his trial] moot."). See also Wright v. State, 275 Ga. 788, 789 (573 SE2d 361) (2002) (OCGA § 5-6-41 (f), which authorizes the correction of transcripts to facilitate appellate review, does not authorize corrections "after appellate review is concluded"); Jennings v. State, 277 Ga. App. 71, 73-74 (625 SE2d 492) (2005) (motion to amend trial transcript became moot when post-conviction proceedings were concluded and final). Here, Williams's motions to correct transcripts do not indicate that he has any impending or pending appellate, habeas, or other post-conviction proceedings in which a transcript of his trial and the hearing on his motion for new trial would be required. And his motions do not otherwise demonstrate any need for a corrected transcript. Accordingly, he was entitled to no relief on his motions to correct transcripts, and if there was any error in the April 2017 order, it was that the court of conviction denied the motions rather than dismissing them. Cf. Schoicket v. State, 304 Ga. 255 (818 SE2d 561) (2018) (in the absence of a pending appeal or other post-conviction proceeding, motion for a trial

would not have jurisdiction in *this* appeal to review the April 2017 order. See <u>Pierce v. State</u>, 289 Ga. 893, 895 (2) (717 SE2d 202) (2011). There being no cognizable claim of error presented by Williams in this appeal, we affirm the judgment below.

<u>Judgment affirmed. All the Justices concur, except Peterson and Warren, JJ., who concur except as to footnote 4.</u>

transcript at no expense was not justiciable, was "a nullity," and "should have been dismissed below").

Decided May 20, 2019 – Reconsideration dismissed July 1, 2019.

Murder. Bibb Superior Court. Before Judge Mincey.

Robert L. Williams, pro se.

K. David Cooke, Jr., District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.