## S04A1793. HARRIS v. THE STATE.
### (606 SE2d 248)

HINES, Justice.

This is a pro se appeal by prisoner James M. Harris from two orders entered on the same day by the Superior Court of Douglas County, one denying Harris's "Motion to Withdraw Guilty Plea and to Correct Void Sentence" and the other denying his "Petition for Writ of Mandamus."[1] For the reasons which follow, we dismiss that portion of the appeal relating to the mandamus ruling and affirm the judgment of the superior court denying the withdrawal of the guilty plea and the challenge to the sentence as void.

On February 13, 2003, Harris was charged with one count of felony theft by shoplifting. On March 13, 2003, the State filed its "Notice of Similar Transactions and Evidence to be Offered in Aggravation of Punishment"; appended to the notice were certified copies of three prior misdemeanor theft by shoplifting convictions, a felony theft by shoplifting conviction, and a misdemeanor theft by taking conviction. The notice stated that it would be supplemented, and that Harris had more than three prior felony convictions as documented by the Georgia Crime Information Center ("GCIC") printout served in discovery on that date; consequently, Harris was subject to punishment as a repeat offender under OCGA § 17-10-7 (c). The plea agreement provided for a sentence of ten years, seven of which were

---

[1] Both pleadings were filed in the criminal case.

to be served in prison. Harris pled guilty to the felony theft by shoplifting charge on May 19, 2003, and received the recommended sentence.

On January 26, 2004, Harris filed the present "Motion to Withdraw Guilty Plea and to Correct Void Sentence," and then on April 6, 2004, his "Petition for Writ of Mandamus," seeking to force a ruling on the January 26 motion. On April 16, 2004, the superior court denied Harris's "Motion to Withdraw Guilty Plea and to Correct Void Sentence." The order stated that inasmuch as the term of court during which Harris entered his guilty plea had expired, the court had no authority to allow Harris to withdraw his guilty plea; as to Harris's claim for relief regarding his sentence, the court noted that it had previously denied Harris's motion to correct and modify his sentence.[2] Also, on April 16, 2004, the superior court denied Harris's "Petition for Writ of Mandamus" because he had already received the relief requested, that is, the court had ruled on his motion asking to withdraw his guilty plea and to "correct" his sentence; therefore, the request for mandamus was moot.

1. Harris has failed to include in his brief any argument concerning the superior court's denial of his petition for writ of mandamus. Thus, the issue has been abandoned. Supreme Court Rule 22. Moreover, "[i]t is the duty of this court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction. [Cits.]" *Smith v. Nichols*, 270 Ga. 550, 551 (512 SE2d 279) (1999), quoting *Stephenson v. Futch*, 213 Ga. 247 (1) (98 SE2d 374) (1957). The fact that Harris is a prisoner invokes OCGA § 42-12-8, the statute which sets forth appellate procedural requirements under the Prison Litigation Reform Act, OCGA § 42-12-1 et seq. *Smith v. Nichols* at 551 (1). Thus, Harris had to pursue discretionary, rather than direct, review of the mandamus judgment rendered against him. In any event, the superior court correctly found that the petition was moot. *Grier v. Peed*, 276 Ga. 521 (578 SE2d 861) (2003).

2. Harris contends that the superior court erred in accepting his guilty plea and sentencing him as a recidivist under OCGA § 17-10-7 (c) based on "fraud and misleading information," that is, that the prior convictions relied upon by the State were misdemeanor rather than felony convictions, and therefore, that the recidivist sentence was unauthorized and void.[3] But the contentions are unavailing.

---

[2] Harris had filed a pro se motion to modify his sentence on October 23, 2003, and then one to correct or modify his sentence on December 24, 2003; the latter motion was denied on December 29, 2003.

[3] Harris does not claim that his plea was not freely and voluntarily entered.

The superior court correctly determined that it no longer had the authority to permit Harris to withdraw his guilty plea. "It is well established that after the expiration of the term and of the time for filing an appeal from the conviction, the only remedy available to the defendant for withdrawing a plea is through habeas corpus proceedings." *Downs v. State*, 270 Ga. 310 (509 SE2d 40) (1998), quoting *Foskey v. State*, 232 Ga. App. 303, 304 (501 SE2d 856) (1998). See also *White v. State*, 278 Ga. 355, 357 (2) (602 SE2d 594) (2004).

As to the contention that the sentence is void,[4] Harris completely failed to object to his treatment as a recidivist under OCGA § 17-10-7 (c) at the time of his plea and sentencing. In fact, during the plea proceeding, Harris acknowledged that he had at least three prior felony convictions and that under OCGA § 17-10-7 (c), any sentence he would receive would be without parole. *Brenneman v. State*, 200 Ga. App. 111, 115 (6) (407 SE2d 93) (1991). See also *Caver v. State*, 215 Ga. App. 711, 713 (5) (452 SE2d 515) (1994).

What is more, Harris now focuses on those convictions contained in the State's "Notice of Similar Transactions and Evidence to be Offered in Aggravation of Punishment." However, the notice plainly stated that it would be supplemented, and in fact was, with further evidence of Harris's prior criminal record. Indeed, the twelve-page GCIC printout showed that Harris had more than three prior felony convictions, which would subject him to punishment as a repeat offender under OCGA § 17-10-7 (c).[5]

*Judgment affirmed in part and case dismissed in part. All the Justices concur.*

DECIDED NOVEMBER 22, 2004 —
RECONSIDERATION DENIED JANUARY 10, 2005.

James M. Harris, *pro se.*

J. David McDade, *District Attorney,* William H. McClain, Christopher R. Johnson, *Assistant District Attorneys,* for appellee.

---

[4] A direct appeal will lie from an adverse ruling on a challenge to a sentence as void, i.e., that the punishment imposed is not authorized under the law. *Jones v. State*, 278 Ga. 670 (604 SE2d 483) (2004).

[5] In argument, Harris states that applying OCGA § 17-10-7 (c) to him constitutes cruel and unusual punishment and violates his due process and equal protection rights under the State and Federal Constitutions. However, the basis of such assertions is the claim that in sentencing Harris, the superior court considered and relied upon "improper matters," i.e., prior convictions which were not felonies. This claim has been found meritless.