In the Supreme Court of Georgia

Decided: January 19, 2016

S15A1647.  SMITH v. THE STATE.

HUNSTEIN, Justice.

Appellant Tiara Smith appeals from the trial court's denial of what she styled as an "Extraordinary Motion for New Trial."  We affirm.

In September 2007, Smith pled guilty to two counts of felony murder, two counts of serious injury by vehicle, feticide, and felony fleeing and attempting to elude; she was sentenced to life imprisonment.  In December 2012, Smith filed an extraordinary motion for new trial asserting that she had discovered new evidence establishing that she is not guilty of felony murder.  The trial court denied the motion.  On appeal, Smith continues to argue that she has newly discovered evidence that undermines her felony murder conviction and that the trial court erroneously denied her motion.

As the trial court correctly recognized, an extraordinary motion for new trial is not a remedy available to Smith because she pled guilty.  See Davis v. State, 274 Ga. 865, 866 (561 SE2d 119) (2002) ("'One who has entered a plea

of guilty cannot move for a new trial, as there was no trial.'"). Construing Smith's pleading as a motion to withdraw her guilty plea or a motion in arrest of judgment is equally ineffectual because "[b]oth sorts of motions must be filed within the same term of court at which the guilty plea or judgment being challenged was entered." Hagan v. State, 290 Ga. 353, 353 (720 SE2d 645) (2012). Indeed, "'after the expiration of the term and of the time for filing an appeal from the conviction, the only remedy available to the defendant for withdrawing a plea is through habeas corpus proceedings.'" Harris v. State, 278 Ga. 805, 806 (2) (606 SE2d 248) (2004). Smith's motion, however, cannot be construed as a habeas corpus petition; not only was the motion filed outside the four-year limitations period imposed by OCGA § 9-14-42 (c), but it was also filed in the county in which Smith was convicted rather than the county in which she is incarcerated. See OCGA § 9-14-43. See also Thomas v. State, 291 Ga. 18 (727 SE2d 123) (2012). Accordingly, irrespective of how Smith's motion is construed, it is improper and untimely, and she is not entitled to relief.

Judgment affirmed. All the Justices concur.