S16A1029. IN RE VERONICA BRINSON.
(791 SE2d 804)

BLACKWELL, Justice.

The trial court removed attorney Veronica Brinson as counsel of record in a murder case, and it prohibited Brinson from making additional filings in the case. When Brinson continued to make filings, the trial court held her in criminal contempt.[1] Brinson appeals from the judgment of contempt, and we affirm.[2]

1. Brinson claims that the trial court erred in several ways when it removed her as counsel of record and ordered her to make no more filings in the murder case. But at the contempt hearing, Brinson waived any such errors, conceding that she would not raise "any question as to the legality [of the earlier removal order]." She cannot now be heard to complain about such errors. See *Spencer v. State*, 287 Ga. 434, 437 (2) (c) (696 SE2d 617) (2010). Moreover, even if the removal order were erroneous, it would make no difference to this appeal. As we have explained before, "the disobedience of an unsuperseded order within the jurisdiction of a court is a contempt of court, even though the order is erroneous." *Britt v. State*, 282 Ga. 746, 749 (2) (653 SE2d 713) (2007) (citations and punctuation omitted).

2. Brinson contends that the trial court erred when it found that her disobedience of its earlier removal order was willful. In support of this contention, Brinson points to evidence — mostly her own testimony — that she was unaware that the trial court had ordered her not to make further filings in the murder case. But this evidence was contradicted by other evidence. Most notably, there was evidence of a letter that Brinson wrote — before making the filings that form the basis for the contempt judgment — in which she explicitly acknowledged that the trial court "has limited my access to filing in this case." The trial court was authorized to weigh the conflicting evidence on the question of willfulness, and it was not required to accept Brinson's assertion that her contempt was not willful. See *Faulkner v. State*, 295 Ga. 321, 322 (1) (a) (758 SE2d 817) (2014) (it is for the finder of fact, not an appellate court, "to resolve conflicts in the evidence and questions of witness credibility" (citation and punctuation omitted)).[3]

---

[1] After Brinson filed the documents at issue, the trial judge who ordered Brinson not to make such filings recused himself from the case, and a different judge was assigned to consider whether Brinson was in contempt. For her contempt, the trial court sentenced Brinson to imprisonment for twelve days, although the court ordered that her sentence would be suspended upon the payment of a $750 fine.

[2] Because the contempt arises from a murder case, this Court has jurisdiction of the appeal. See *State v. Murray*, 286 Ga. 258, 259 (1) (687 SE2d 790) (2009).

[3] Brinson also claims on appeal that she was never properly served with the order that removed her as counsel of record. But Brinson did not raise this claim before the trial court.

3. Brinson says that the trial court erred when it failed to advise her at the contempt hearing of her constitutional privilege against self-incrimination. But when, as here, an accused is represented at the contempt hearing by counsel, the trial court is not required to advise the accused of the privilege. See *Carlson v. Carlson*, 324 Ga. App. 214, 216-217 (1) (748 SE2d 304) (2013). See also *Schiselman v. Trust Co. Bank*, 246 Ga. 274, 277 (2) (271 SE2d 183) (1980). This principle seems especially sound in a case in which the accused is a lawyer with substantial experience in criminal defense, as is the case here. The failure of the trial court to advise of the privilege against self-incrimination is no error.

4. Brinson claims that she was denied the effective assistance of counsel at her contempt hearing, alleging that her lawyer failed to present witnesses, failed to file motions, and failed to present evidence of certain correspondence with the judge. She asks us to remand this case for further factual development of these allegations. But the record demonstrates that her lawyer did, in fact, call several witnesses at the contempt hearing, including Brinson herself. About motions, Brinson has failed to identify any particular motion that her lawyer ought to have filed. And about the correspondence, it pertains only to the proceedings that led up to Brinson's removal as counsel of record — something that she elected not to challenge in the contempt hearing — and is not pertinent to the question of contempt. Brinson cannot make out a claim of ineffective assistance, see *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984), and no remand is required. See *Ruiz v. State*, 286 Ga. 146, 149 (2) (b) (686 SE2d 253) (2009).

5. Brinson's other claims of error are without merit and do not warrant discussion.

*Judgment affirmed. All the Justices concur, except Benham, J., not participating.*

DECIDED OCTOBER 3, 2016 —
RECONSIDERATION DENIED OCTOBER 31, 2016.

*Veronica E. Brinson*, pro se.
*K. David Cooke, Jr., District Attorney, Jason M. Wilbanks, Assistant District Attorney*, for appellee.

---

Instead, Brinson claimed in the trial court that she received a copy of the order but simply failed to notice the provision of that order that directed her to cease making filings.