300 Ga. 759
FINAL COPY

S16A1660. McCOY et al. v. BOVEE et al.

BLACKWELL, Justice.

In January 2016, the Superior Court of Chatham County granted a petition for an interlocutory injunction, pursuant to which it removed Leonard McCoy as President of the Board of Directors of the Willow Lakes Plantation Homeowners Association. McCoy and the Association appeal, but upon our review of the record and briefs, we see no error and affirm.[1]

The Association was created to manage Willow Lakes Plantation, which is a residential development near Savannah. The Board, which consists of five members, is elected by the homeowner-members of the Association, and McCoy

---

[1] Because McCoy complains about the propriety of the equitable relief awarded by the trial court and because he filed his notice of appeal in 2016, this case falls within the appellate jurisdiction of this Court. See Danforth v. Apple Inc., 294 Ga. 890, 892, n. 3 (757 SE2d 96) (2014). We note, however, that in cases in which a notice of appeal (and application to appeal, if applicable) was or is filed on or after January 1, 2017, the Court of Appeals will have jurisdiction of "[a]ll equity cases, except those cases concerning proceedings in which a sentence of death was imposed or could be imposed and those cases concerning the execution of a sentence of death." OCGA § 15-3-3.1 (a) (2). See Williford v. Brown, 299 Ga. 15, 16 (2), n. 1 (785 SE2d 864) (2016) (citing and quoting from Appellate Jurisdiction Reform Act of 2016, Ga. L. 2016, p. 884, § 6-1 (c)).

was elected as the President of the Board in 2011 (and he has been reelected several times since then). In 2012, Joyce Bovee and several other homeowner-members of the Association filed a complaint alleging that McCoy and the Board were mismanaging the Association and that McCoy had converted Association funds to his own use. After a hearing, the trial court appointed Hamrick Gnann as receiver to monitor the Association and control its finances. Gnann later reported that he was encountering difficulties with McCoy.

In 2015, a petition was filed to enjoin the Board — and particularly McCoy — from exercising any management authority over the Association. According to the petition, McCoy and the Board had undermined Gnann's authority, and their actions led to the resignation of the property management company that Gnann had hired (and made it difficult for him to identify any company willing to manage the property). In response, McCoy filed a motion to recuse and a motion to dismiss. The trial court denied the motion to recuse in June 2015.[2] Following a hearing, the trial court issued an order that denied

_____

[2] McCoy claims that the trial court should have granted his motion to recuse based on the fact that Gnann also served as a judge pro tem of the trial court. But the motion to recuse was not filed for more than two years after the relationship between the trial court and Gnann was known to McCoy, and in any event, the motion to recuse did not allege this relationship as a reason for recusal. Indeed, McCoy did not raise the relationship until after the trial court

2

McCoy's motion to dismiss,[3] found that he had "actively worked to the detriment of the [Association]," removed him from the Board, and called for an election to fill his unexpired term in accordance with the Association's bylaws. The order did not enjoin the remaining members of the Board from exercising management authority over the Association, but it required them to cooperate with Gnann and the property manager "to effectively operate the [Association]."

1. McCoy claims that the trial court erred when it removed him as President of the Board, asserting that the evidence presented to the trial court did not show that he had acted improperly. But we must defer to the trial court's credibility determinations, weighing of the evidence, and resolution of disputed factual issues. See Danforth v. Apple Inc., 294 Ga. 890, 893 (1) (a) (757 SE2d 96) (2014). Here, the record contains significant evidence that McCoy used his

---

had denied his motion to recuse. As a result, we cannot find error in the trial court's denial of the motion to recuse. See GeorgiaCarry.Org, Inc. v. James, 298 Ga. 420, 423 (1) (782 SE2d 284) (2016) ("[t]he idea that a party could allow a judge whom the party believes to be disqualified to continue to preside over the case without objection, only later to urge the disqualification, is inconsistent with the principles of fair play and judicial economy that are embodied in the requirement that a motion to recuse be filed promptly") (citation omitted).

[3] McCoy argues that the trial court erred when it denied his motion to dismiss because the petition to enjoin incorrectly referred (in one instance) to the other four members of the Board as "[r]espondents." But as found by the trial court, it is clear that the petition was filed against McCoy and the Association, and the other members of the Board were referenced in the petition only in their official capacities.

position as the President of the Board to act against the interests of the Association. For example, under McCoy's direction, the Association contracted for services with a payroll company owned by McCoy's wife and with a landscaping company owned by McCoy's stepson, and evidence was presented showing that McCoy favored those companies to the detriment of the Association. While McCoy may not have liked the management company hired by Gnann, the trial court explicitly approved the hiring of that company after a hearing in 2014, and that decision was not appealed. And as found by the trial court, the removal of McCoy from the Board maintains the status quo because it prevents the further waste of assets that Gnann was appointed to protect. See City of Waycross v. Pierce County Bd. of Commrs., 300 Ga. 109, 111 (1) (793 SE2d 389) (2016) ("main purpose of an interlocutory injunction is to preserve the status quo temporarily to allow the parties and the court time to try the case in an orderly manner") (citation omitted).[4]

---

[4] In a supplemental brief, McCoy alleges that the trial court should not have removed him as President of the Board because fewer than 10 percent of the members of the Association sought his removal. (According to the facts alleged in his supplemental brief, the number of members seeking his removal was, at most, 9.9 percent of the total number of Association members). See OCGA § 14-3-810 (a). But McCoy has not shown that he raised this argument before the trial court, and he has not preserved this claim for appellate review. See Cohran v. Carlin, 254 Ga. 580, 584 (1) (a), (b) (331 SE2d 523) (1985).

4

2. McCoy's other claims of error — that Gnann should have filed a motion to intervene under OCGA § 9-8-5 and that the trial court should not have appointed Gnann because a majority of the homeowner-members of the Association opposed the appointment — are without merit and do not warrant discussion.

Judgment affirmed. All the Justices concur.

Decided February 6, 2017 – Reconsideration denied March 20, 2017.

Equity. Chatham Superior Court. Before Judge Bass.

Barrow & Ballew, Walter W. Ballew III; Hall Booth Smith, Steven P. Bristol, Michael G. Frick, for appellants.

Fisher Broyles, Robert B. Lovett; Gannan, Gnann & Steinmetz, Christian J. Steinmetz III, for appellees.