300 Ga. 526

FINAL COPY

S16A1658.  HENDERSON v. THE STATE.

BENHAM, Justice.

Appellant Sylvester Leon Henderson was indicted, along with a co-defendant, for malice murder, felony murder, and other charges relating to the death of Derrick Brown. On September 8, 2011, appellant entered a guilty plea for felony murder.  The transcript of the plea hearing shows appellant killed Brown in Rockdale County by striking him twice with a hammer and engaging in a struggle with the victim in which the victim's neck was crushed; then appellant and his co-defendant transported Brown's body to Gwinnett County and dumped it down an embankment.  On September 12, 2011, the trial court accepted appellant's guilty plea, entered final judgment of conviction, and sentenced appellant to life in prison. The remaining counts of the indictment either merged with the conviction for felony murder or, as with the malice murder count, were nol prossed.

Over two years later, in May 2014, appellant filed a "Motion of Withdrawal of Guilty Plea," and the trial court dismissed the motion for lack of jurisdiction. Although not in the record, the State indicates that on April 13, 2015, appellant filed a petition for writ of habeas corpus which is still pending in the Superior Court of Coffee County. Then, on January 11, 2016, appellant filed a pro se motion for out-of-time appeal from the guilty plea conviction in which he asserted, among other things, that plea counsel failed to file a motion for new trial to preserve his right of appellate review of his conviction, that plea counsel provided ineffective assistance of counsel in that counsel failed to investigate appellant's mental history, and that the trial court failed to inquire into his competency to enter a plea freely, knowingly, and voluntarily despite the fact that evidence of his alleged incompetency was brought to the court's attention. The trial court denied the motion, finding the guilty plea was entered freely and voluntarily based on the totality of the record, and that even if counsel failed to file a direct appeal, counsel could not be deemed to have provided ineffective assistance as such an appeal would have been frivolous given the record facts. The trial court noted that the guilty plea transcript reflects appellant was taking the prescription drug Risperdal, but appellant stated under oath that the drug did

not affect his decision-making or reasoning. The record also reflects that on his written and signed guilty plea form appellant disclosed he was taking Risperdal, and indicated in handwriting that the drug was "not affecting [his] decision-making or reasoning ability." The trial court further found appellant appeared to understand each question asked of him and provided intelligent, appropriate answers to questions, and also that appellant's assertions that counsel exerted undue influence over him to enter his plea could not be resolved by reference to the record.

Appellant filed a timely pro se notice of appeal. We affirm.

1.      First, we address appellant's assertion that he received ineffective assistance of counsel. Appellant asserted to the plea court, on the face of what appears to be a pre-printed form titled "Motion for Out of Time Appeal," that trial counsel failed to file a motion for new trial to preserve his rights of appellate review. We note, however, that a defendant cannot file a motion for new trial from a guilty plea. See *Smith v. State*, 298 Ga. 487 (782 SE2d 17) (2016). Further, "[a] motion for new trial need not be filed as a condition precedent to appeal or consideration of any judgment, ruling, or order in any case . . . ." OCGA § 5-6-36 (a). It follows that failure to file a

motion for new trial cannot serve as the basis for an ineffective assistance of counsel claim in this case. Even assuming appellant sufficiently alleged this purported error on the part of plea counsel was the cause of his failure to file a timely appeal, appellant has failed to demonstrate ineffective assistance of counsel on this ground. See *Stephens v. State*, 291 Ga. 837 (1) (733 SE2d 266) (2012).

The remaining ground for appellant's assertion of ineffective assistance of counsel is that plea counsel failed to pursue any investigation into a possible mental illness defense before advising appellant regarding his guilty plea. But when a motion for out-of-time appeal alleges ineffective assistance for failure to investigate the case where a guilty plea was entered, the appellant must nevertheless allege that the ineffective assistance of counsel was the cause of appellant's failure to file a timely direct appeal from the judgment on the guilty plea. See *Grace v. State*, 295 Ga. 657, 658 (2) (a) (763 SE2d 461) (2014). Because appellant failed to allege counsel's ineffective assistance in regard to his alleged failure to investigate a possible defense was the cause of his failure to file a timely direct appeal, the motion was correctly denied. Id. See also *McMullen v. State*, 292 Ga. 355 (737 SE2d 102) (2013). In any event, where, as here, "the issues that a defendant

4

who pled guilty seeks to appeal cannot be resolved using the existing record, he would have had no right to file even a timely appeal and therefore is also not entitled to an out-of-time appeal." *Stephens*, supra, 291 Ga. at 838 (1). From the existing record, Henderson would not have been able to establish even in a timely appeal the alleged deficient performance of counsel (one of the two required elements of establishing ineffective assistance pursuant to the *Strickland*[1] standard) with respect to the assertion that his plea counsel failed to investigate possible mental illness as a defense to the charges. Consequently, the trial court did not err in denying Henderson's out-of-time appeal. See *Barlow v. State*, 282 Ga. 232, 233 (647 SE2d 46) (2007) (holding that in such a case the defendant's remedy is habeas corpus, and finding that the trial court did not err in denying defendant's motion for out-of-time appeal).

2.     Appellant's remaining enumerations of error assert that the trial court violated his due process rights by failing, sua sponte, to conduct a competency hearing before accepting his guilty plea. Appellant also appears to argue the trial court erred by failing to conduct a retrospective competency hearing once he raised the constitutionality of his guilty plea conviction in his

---

[1] *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984).

motion for out-of-time appeal. Appellant argues that since he disclosed at the plea hearing that he was taking Risperdal, which he refers to in his appellate brief as a psychotropic medication, the trial court possessed information sufficient to raise a bona fide doubt about his competency so as to require the court to conduct a competency hearing before accepting his plea. Again, however, only if appellant would have had a right to file a timely appeal of this alleged error based upon the existing record would he have the right to file an out-of-time appeal. See *Barlow*, supra, 282 Ga. at 233. As set forth above, the only record evidence relating to appellant's mental competency to enter the plea was his own plea hearing testimony and written statement that his judgment was not impaired by the prescription drug he was taking. Given this evidence, the trial court's knowledge that Henderson was taking a drug that Henderson now asserts is a psychotropic medication is not sufficient to show the trial court erred in failing to conduct, sua sponte, a competency hearing before accepting his plea. See *Walker v. State*, 288 Ga. 174, 178 (2) (c) (702 SE2d 415) (2010) (the trial court does not err in failing sua sponte to conduct a competency hearing where the evidence presented to the trial court provided no real indication of incompetence). Although appellant attached to his appellate briefs certain unauthenticated documents that he claims support

6

his assertion that the trial court erred in failing to conduct a competency hearing before accepting his guilty plea, these documents are not in the trial court record. "[I]f further factual development might establish a basis for setting aside the plea upon [these grounds, appellant] must develop the facts in a habeas proceeding." *Mims v. State*, 299 Ga. 578, 586 (2) (c) (787 SE2d 237) (2016).

To the extent appellant asserts the trial court should have conducted a retrospective determination of appellant's competency to enter a guilty plea when the court considered his motion for out-of-time appeal, appellant made no such request in his out-of-time motion for new trial. Because this issue was neither raised nor ruled upon by the trial court, it is not properly before this Court for appellate review. See *Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999). As to whether the trial court should have conducted such a hearing sua sponte, no evidence is in the record that would trigger such a duty. See *Walker*, supra, 288 Ga. at 174.

Judgment affirmed. All the Justices concur.

Decided February 6, 2017.

Murder. Rockdale Superior Court. Before Judge Mumford.

Sylvester Leon Henderson, pro se.

Richard R. Read, District Attorney, Roberta A. Earnhardt, Assistant District Attorney; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth M. Haase, Assistant Attorney General, for Appellee.