303 Ga. 241
FINAL COPY

S17A1785.  HENDERSON v. THE STATE.

Boggs, Justice.

In Sylvester Henderson's pro se appeal from the trial court's order denying his "Objection to Order Denying Defendants Motion for Disclosure Grand Jury Testimony and Evidence," we address the scope of this Court's appellate jurisdiction in light of the changes imposed by OCGA § 15-3-3.1 on appeals filed after January 1, 2017. We conclude that we have subject matter jurisdiction because this appeal falls within Ga. Const. Art. VI, Sec. VI, Par. III (8) as a case "in which a sentence of death was imposed or could be imposed," rather than a separate civil  "petition in the nature of mandamus" as posited in Coles v. State, 223 Ga. App. 491, 491 (1) (477 SE2d 897) (1996). Consequently, we retain jurisdiction of this appeal, overrule Coles, and dismiss the appeal because the remedy Henderson seeks here is not legally cognizable.

The procedural history of this case is somewhat complex. In 2011,

Henderson pled guilty to felony murder in the Superior Court of Rockdale County and was sentenced to life imprisonment. He did not file a timely direct appeal, but, over two years later, he attempted to withdraw his guilty plea pro se. That motion was dismissed for lack of jurisdiction. While he did not file a timely direct appeal, in 2016 Henderson filed a pro se motion for out-of-time appeal. The trial court denied the motion, and Henderson appealed to the Court of Appeals, which transferred the appeal to this Court. In Henderson v. State, 300 Ga. 526 (796 SE2d 681) (2017), this Court affirmed the judgment of the trial court.[1]

On March 7, 2017, under the criminal docket number of his murder prosecution in Rockdale County Superior Court, Henderson filed a pro se "Motion to Disclose Grand Jury Testimony and Evidence," which was denied in a brief order on March 13, 2017. On March 22, 2017, Henderson filed an "Objection to Order Denying Defendants Motion for Disclosure Grand Jury

---

[1] We note that Henderson's habeas corpus petition filed on April 13, 2015 in the Superior Court of Coffee County was denied on February 13, 2017 and not appealed, and that he has filed with this court an Application for a Certificate of Probable Cause to appeal from the October 17, 2017 dismissal of a habeas corpus petition in the Superior Court of Jenkins County.

Testimony and Evidence," which the trial court denied on March 28, 2017.[2] In his notice of appeal, filed April 10, 2017, Henderson appealed to the Georgia Court of Appeals "from the judgment of denial of defendants 'Objection To Order Denying [sic] Motion for Disclosure Grand Jury Testimony And Evidence' filed March 22, 2017." He further directed that nothing be omitted from the record, and that "[a] transcript of evidence and proceedings will be filed for inclusion in the Record on Appeal." By order of June 5, 2017, this appeal was transferred to this Court.

1. We first address the question of the jurisdiction of this Court, as it affects this appeal. Ga. Const. Art. VI, Sec. VI, Par. III provides:

> Unless otherwise provided by law, the Supreme Court shall have appellate jurisdiction of the following classes of cases: (1) Cases involving title to land; (2) All equity cases; (3) All cases involving wills; (4) All habeas corpus cases; (5) All cases involving extraordinary remedies; (6) All divorce and alimony cases; (7) All cases certified to it by the Court of Appeals; and (8) All cases in which a sentence of death was imposed or could be imposed. Review of all cases shall be as provided by law.

> For all notices of appeal or applications for leave to appeal filed on or

---

[2] Additionally, on March 20, 2017, Henderson filed a document headed "Writ of Error Coram Nobis" but styled "Affidavit in Support of Motion to Challenge Subject Matter and Personum [sic] Jurisdiction and to Dismiss with Prejudice for Lack of Jurisdiction," which the trial court denied on March 24, 2017. Henderson does not appeal from that order.

after January 1, 2017,

> (a) Pursuant to Article VI, Section VI, Paragraph III of the Constitution of this state, the Court of Appeals rather than the Supreme Court shall have appellate jurisdiction in the following classes of cases: (1) Cases involving title to land; (2) All equity cases, except those cases concerning proceedings in which a sentence of death was imposed or could be imposed and those cases concerning the execution of a sentence of death; (3) All cases involving wills; (4) All cases involving extraordinary remedies, except those cases concerning proceedings in which a sentence of death was imposed or could be imposed and those cases concerning the execution of a sentence of death; (5) All divorce and alimony cases; and (6) All other cases not reserved to the Supreme Court or conferred on other courts. . . .

OCGA § 15-3-3.1 (a); Ga. L. 2016, p. 883, § 6-1 (c). See Ga. Assn. of Professional Process Servers v. Jackson, 302 Ga. 309, 310 n. 1 (806 SE2d 550) (2017) (extraordinary remedies); McCoy v. Bovee, 300 Ga. 759, 759 n. 1 (796 SE2d 679) (2017) (equity).

This Court traditionally has taken an expansive view of its jurisdiction over murder cases. See, e.g., Neal v. State, 290 Ga. 563, 567 (722 SE2d 765) (2012) (Hunstein, C. J., concurring, opinion joined in by all Justices, reiterating that this Court's constitutional jurisdiction extends to all direct appeals in murder cases). In In re Brinson, 299 Ga. 859 (791 SE2d 804) (2016), this Court took jurisdiction of a contempt citation arising from a murder case. Similarly,

an appeal by a reporter asserting the reportorial privilege under former OCGA § 24-9-30 in connection with his interview of the defendant in a murder prosecution, In re Paul, 270 Ga. 680 (513 SE2d 219) (1999); a motion to recuse a judge in a pending murder prosecution, Turner v. State, 280 Ga. 174 (626 SE2d 86) (2006); and post-conviction motions to vacate a void judgment, Wright v. State, 277 Ga. 810, 811 n. 2 (596 SE2d 587) (2004), or to correct the transcript in a murder case, Smith v. State, 289 Ga. 839 (716 SE2d 143) (2011), have been determined by this Court to lie within the scope of its murder jurisdiction.

Prior to the enactment of OCGA § 15-3-3.1, if an appeal in a murder case invoked our equity or extraordinary remedy jurisdiction, it was not necessary to decide which provision of the Constitution established jurisdiction in this Court. We retained such appeals in murder cases without the necessity of clarifying the provision under which we did so. But with the transfer of most equity and extraordinary remedies jurisdiction to the Court of Appeals by OCGA § 15-3-3.1 (a) (2) and (4), some clarification is necessary, particularly in light of the Court of Appeals' decision in Coles, supra.

There, the Court of Appeals considered a prisoner's appeal from the denial

5

of a post-conviction copy of the transcript of his murder trial at public expense. Treating the motion as "a petition in the nature of mandamus," the Court of Appeals concluded that, while the denial of a petition for mandamus is generally directly appealable, that was not the case when a discretionary appeal was required by the Prison Litigation Reform Act of 1996, OCGA § 42-12-8. Coles, 223 Ga. App. at 492 (1). The Court declared:

> Henceforth, if no petition for habeas corpus is pending at the time an indigent prisoner makes any application for a transcript of his trial for purposes of collateral attack upon his conviction or sentence, that application will be treated as a separate civil action subject to the procedures and requirements of the Prison Litigation Reform Act of 1996.

Id. But, after declaring that the defendant's post-conviction motion for a transcript was a civil action subject to the appeal provisions of OCGA § 42-12-8, the Court of Appeals pretermitted the question of appellate subject matter jurisdiction, instead dismissing that appeal because the notice of appeal was not timely filed. Id. at 492 (2).

The language of OCGA § 15-3-3.1 (a) (2) and (4), excluding from Court of Appeals jurisdiction those cases concerning proceedings "in which a sentence of death was imposed or could be imposed," duplicates the constitutional

6

language under which this Court has taken jurisdiction over matters that arise in the course of a murder case. However, the appeal before us is neither an equity nor a mandamus case, but simply a motion filed in Henderson's original murder case in the Superior Court of Rockdale County. Henderson has filed no separate petition, but has continued to file this and other pleadings under the original criminal docket number.[3] Accordingly, such a post-trial motion seeking a record or transcript filed in a murder case is not a "civil action in the nature of mandamus" as described in Coles, supra, and that holding of the Court of Appeals is overruled. Instead, this Court will retain jurisdiction because the appeal arises from a case "in which a sentence of death was imposed or could be imposed" under Ga. Const. Art. VI, Sec. VI, Par. III (8).

2. Having established that we have subject matter jurisdiction, we now address Henderson's appeal. It is well established that "an indigent, on appeal, is entitled as a matter of right to a free copy of the transcript of trial court proceedings in which he has been a party." (Citations and punctuation omitted.) Mitchell v. State, 280 Ga. 802, 802 (1) (633 SE2d 539) (2006). But

---

[3] As we note in Division 3, below, Henderson's apparent attempt to invoke this Court's mandamus jurisdiction fails.

[w]hile an indigent is entitled to a copy of his trial transcript for a direct appeal of his conviction, such is not the case in collateral post-conviction proceedings. After the time for appeal has expired there is no due process or equal protection right to a free copy of one's court records absent a showing of necessity or justification.

(Citations and punctuation omitted.) McDowell v. Balcom, 246 Ga. 611 (272 SE2d 280) (1980).

Henderson failed to file a direct appeal, his motion for an out-of-time appeal was denied, and the denial was affirmed on appeal by this Court. Because the law does not recognize a motion for a transcript at public expense filed in a criminal case after the opportunity for a direct appeal has ended, the trial court should have dismissed Henderson's motion as a nullity, and he has nothing cognizable to appeal. This appeal therefore is dismissed. See, e.g., Harper v. State, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009) (petition to vacate or modify judgment not appropriate remedy in criminal case; appeal dismissed).

3. Henderson has also filed a pro se pleading styled "Writ of Mandamus/Request for Discovery." The style of the pleading is somewhat ambiguous, as it names the clerk of the Superior Court of Rockdale County as "Defendant" and is filed under both a Court of Appeals docket number and the original superior court docket number, but not the docket number of the instant

appeal. In this pleading, Henderson declares that he seeks relief "pursuant to OCGA § 9-6-20 and Ga. Const. Art. VI, Sec. I, Par. IV." To the extent that Henderson is attempting to invoke the original mandamus jurisdiction of this Court, he has failed to follow the procedure required by Graham v. Cavender, 252 Ga. 123 (311 SE2d 832) (1984). Moreover, this is not one of those "extremely rare" cases in which this Court will exercise its original jurisdiction. Id. at 124; see also Nelson v. State (Case Nos. S16C1296, S17O0203, decided September 6, 2016). The State's motion to strike this pleading is dismissed as moot.

Appeal dismissed. All the Justices concur.

Decided March 5, 2018.

Mandamus. Rockdale Superior Court. Before Judge Mumford.

Sylvester L. Henderson, <u>pro se</u>.

<u>Alisha A. Johnson, District Attorney, Roberta A. Earnhardt, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth H. Brock, Assistant Attorney General</u>, for appellee.