303 Ga. 729
FINAL COPY

S18A0393. BROCK v. HARDMAN.

PETERSON, Justice.

James Brock appeals from the denial of his mandamus petition seeking records related to his murder convictions. We first address whether we have jurisdiction over the appeal arising from this civil action. We conclude that this appeal arises from an extraordinary remedies case "concerning proceedings in which a sentence of death was imposed or could be imposed," and thus we have jurisdiction under OCGA § 15-3-3.1 (a) (4). Nevertheless, Brock's appeal must be dismissed for failure to file a discretionary application as OCGA § 42-12-8 requires for civil cases filed by prisoners.

The record shows that Brock was convicted of two counts of murder and other offenses in 2011. He sought to appeal his convictions to this Court by filing a notice of appeal in July 2015. We dismissed his appeal for failure to file a brief and enumeration of errors after being ordered to do so.

Following the dismissal of his direct appeal, Brock filed a petition for a writ of mandamus to force the Muscogee County Superior Court Clerk to release records in criminal case number SU-09-CR-3127, which was the number originally assigned to his case before it was reassigned as case number SU-10-CR-2571 after the return of a superseding indictment.[1] Brock sought the case summary report, the indictment, and a final disposition for case number SU-09-CR-3127, apparently to support arguments made in his motion for new trial that his murder convictions violated double jeopardy because he was twice indicted for the same offense.[2] The trial court denied the filing of Brock's petition for mandamus under OCGA § 9-15-2 (d), and he filed a direct appeal in this Court pursuant to a notice of appeal filed on September 21, 2017.

1. Although not raised by either party, it is our duty to inquire into our jurisdiction "in any case in which there may be a doubt about the existence of such jurisdiction." Fulton County v. City of Atlanta, 299 Ga. 676, 676 n.2 (791

---

[1] Brock also filed a petition for a writ of mandamus in this Court, but we dismissed the petition and directed Brock to first seek relief in the trial court.

[2] The trial court rejected this argument at Brock's motion for new trial hearing.

2

SE2d 821) (2016) (citation and punctuation omitted). We conclude that we have jurisdiction.

This appeal raises a question left unresolved by our recent opinion in Henderson v. State, 303 Ga. 241 (811 SE2d 388) (2018), in which the appellant appealed from the denial of his post-trial motion requesting records. We concluded in Henderson that because the appellant, who had been convicted of murder, filed his post-trial motion under the docket number of his criminal case, the appeal fell within our jurisdiction over murder cases "because the appeal ar[ose] from a case 'in which a sentence of death was imposed or could be imposed.'" Id. at 244 (1) (quoting Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (8) ("Subparagraph 8")).

Here, Brock's request for records was not filed under either docket number associated with his criminal prosecution, but as a separate civil action in the form of a mandamus petition. As a separately filed civil action, this case is not within our murder jurisdiction.[3] But our analysis does not end there.

_____

[3] We have interpreted Subparagraph 8 to give us jurisdiction over cases in which a murder charge is pending or a conviction has been returned on such a charge. See Neal v. State, 290 Ga. 563, 567-572 (722 SE2d 765) (2012) (Hunstein, C. J., concurring) (concurrence joined by all Justices explaining that we have jurisdiction over all murder cases because "death could be" imposed in such cases); Sanders v. State, 280 Ga. 780, 782 (1) (631

Mandamus is an extraordinary remedy to compel a public officer to perform a required duty when there is no other adequate legal remedy. Clayton County Bd. of Commrs. v. Murphy, 297 Ga. 763, 764 (778 SE2d 193) (2015). Our Constitution provides that we have appellate jurisdiction over "[a]ll cases involving extraordinary remedies" unless otherwise provided by law. Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (5). Until the enactment of OCGA § 15-3-3.1, we had appellate jurisdiction over all cases involving extraordinary remedies. See Ga. Assn. of Professional Process Servers v. Jackson, 302 Ga. 309, 310 n.1 (806 SE2d 550) (2017). But when OCGA § 15-3-3.1 became effective on January 1, 2017, our jurisdiction in this area narrowed greatly. We now have appellate jurisdiction only in extraordinary remedy "cases concerning proceedings in which a sentence of death was imposed or could be imposed and

SE2d 344) (2006) ("[I]nasmuch as this case involves an indictment for murder, this Court, rather than the Court of Appeals, has jurisdiction in the matter, irrespective of the fact that the judgment at issue is pre-conviction." (citations omitted)). This broad interpretation extends our jurisdiction to appeals arising from such cases that do not relate in any meaningful way to the charges against the defendant. See In re Brinson, 299 Ga. 859, 859 n.2 (791 SE2d 804) (2016) (contempt order against former counsel in murder case); WALB-TV, Inc. v. Gibson, 269 Ga. 564, 564 n.2 (501 SE2d 821) (1998) (order denying media access to court records under Uniform Superior Court Rule 21.5). But we have found no appeal in which we have concluded that a separately filed civil action — regardless of subject matter — is nevertheless a "case in which a sentence of death was imposed or could be imposed" for purposes of Subparagraph 8. And such a separate action plainly is not.

those cases concerning the execution of a sentence of death"; the Court of Appeals now has appellate jurisdiction over all other extraordinary remedy cases. OCGA § 15-3-3.1 (a) (4); Ga. L. 2016, p. 883, § 6-1 (c); see also Ga. Const. of 1983, Art. VI, Sec. V, Par. III (the Court of Appeals "shall exercise appellate . . . jurisdiction in all cases not reserved to the Supreme Court").

In this case, the mandamus petition clearly concerned proceedings in which a sentence of death was or could be imposed. Brock was seeking records in a case in which he was indicted for murder, that case was renumbered to the case under which he was tried and convicted of murder, and he claimed that the State was required to pay for those records so that he could challenge that conviction. Brock's claim arises only from his conviction for murder and his desire to use those records to challenge that conviction. So, a mandamus petition brought by a prisoner convicted of murder claiming a right to free records of his murder case for the purpose of challenging that conviction is a case "concerning [the] proceedings" in which a sentence of death could have been imposed. Therefore, this is an appeal arising from an extraordinary remedy case, and we retain jurisdiction under OCGA § 15-3-3.1 (a) (4).

2. Our conclusion that we have jurisdiction over this appeal doesn't help Brock, though, because the appeal still must be dismissed. Brock filed this civil action as a prisoner, and appeals from such actions must proceed via the discretionary application process. See OCGA § 42-12-8; Harris v. State, 278 Ga. 805, 806 (1) (606 SE2d 248) (2004). Because Brock filed a direct appeal, rather than an application for a discretionary appeal, we must dismiss. Harris, 278 Ga. at 806 (1) (dismissing prisoner's direct appeal of denial of mandamus petition).

Appeal dismissed. All the Justices concur.

Decided May 21, 2018.

Mandamus. Muscogee Superior Court. Before Judge Mullins.

James L. Brock III, <u>pro se</u>.

Ann Hardman, <u>pro se</u>.