307 Ga. 43
FINAL COPY

S19A1204.  COLQUITT v. THE STATE.

MELTON, Chief Justice.

On December 10, 1993, Johnny Antwone Colquitt pled guilty to malice murder, armed robbery, and kidnapping with bodily injury in connection with the shooting death of Shelton Renard Chappell. Colquitt received three life sentences, with the sentences for malice murder and kidnapping with bodily injury to run concurrently with each other, and the sentence for armed robbery to run consecutively to the other counts. Nearly 25 years later, in May 2018, Colquitt filed a "motion in equity to void plea agreement and in arrest of judgment."[1] On November 15, 2018, the trial court dismissed the motion for lack of jurisdiction.

Colquitt, acting pro se, now appeals; however, he does not address the trial court's decision to dismiss his action. Instead, he

---

[1] Colquitt had previously filed a "motion to vacate void sentence," which the trial court dismissed on January 19, 2018.

reiterates the arguments he raised below. Those arguments can be categorized into two main types: (1) arguments that Colquitt's convictions must be vacated and (2) arguments that Colquitt's guilty plea was unknowing and involuntary, giving Colquitt the right to withdraw it. With regard to both types of arguments, the trial court properly dismissed Colquitt's motion.

To the extent that Colquitt argues that his convictions must be vacated, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).[2]

> [A] claim that a conviction was unlawful must be asserted by a motion for new trial, direct appeal from the judgment of conviction, extraordinary motion for new trial, motion in arrest of judgment, or petition for the writ of habeas corpus.

---

[2] Instead of arguing that his sentence was outside the range authorized by statute, Colquitt complains that his sentence was void in a manner that negated his conviction. However, "a defendant cannot assert a claim that his conviction was unlawful in an untimely motion to vacate his sentence simply by dressing it up as a claim that his sentence was void." (Citations omitted.) *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

(Citations omitted.) *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).[3] To the extent that Colquitt's complaint sought to withdraw his guilty plea,

> [a] trial court lacks jurisdiction to permit the withdrawal of a guilty plea once the term of court has expired in which the defendant was sentenced. See *Davis v. State*, 274 Ga. 865 (561 SE2d 119) (2002). In *Davis*, this Court stated that the only means available to withdraw a plea in such a circumstance is through a habeas corpus proceeding. Id. See also *Smith v. State*, 298 Ga. 487, 488 (782 SE2d 17) (2016).

*Adams v. State*, 302 Ga. 891 (810 SE2d 134) (2018). Because the 1993 term of court in which Colquitt entered his plea expired decades ago, the trial court did not have jurisdiction over Colquitt's motion at the time it was filed in 2018.

Therefore, the trial court properly dismissed Colquitt's "motion in equity to void plea agreement and in arrest of judgment" for lack of jurisdiction.

*Judgment affirmed. All the Justices concur.*

---

[3] Even if Colquitt's contentions could be interpreted as intending to support a motion in arrest of judgment, such motions must be filed within the same term of court during which the judgment to be challenged was obtained, and that time had long passed. See OCGA § 17-9-61 (b).

DECIDED OCTOBER 7, 2019.
Murder. DeKalb Superior Court. Before Judge Coursey.
Johnny A. Colquitt, *pro se*.

*Sherry Boston, District Attorney, Emily K. Richardson, Deborah D. Wellborn, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.