SUPREME COURT OF GEORGIA
Case No. S22A0199



April 19, 2022

The Honorable Supreme Court met pursuant to adjournment.

The following order was passed:

SETH ROUZAN v. THE STATE.

In 2013, Seth Rouzan was convicted of malice murder and use of a firearm by a convicted felon during the commission of a felony. In his first appeal from his convictions, this Court vacated the judgment of conviction and remanded the case for the trial court to apply the correct test in exercising its discretion to decide whether other-acts evidence should have been admitted, directing that if the court decided that the evidence was properly admitted, then the court should re-enter the judgment so that Rouzan could file another appeal challenging that ruling. See *Rouzan v. State*, 308 Ga. 894, 901 (843 SE2d 814) (2020). On remand, the trial court entered an order purporting to deny Rouzan's second amended motion for new trial, but the court failed to re-enter the judgment of conviction. Thus, this Court vacated the trial court's order and remanded the case for the court to comply with the direction to reconsider the other-acts issue and either grant Rouzan a new trial or re-enter the judgment of conviction. See Case No. S21A0770 (Mar. 10, 2021). On the second remand, the trial court entered an order on March 16, 2021, re-entering the judgment of conviction and denying the motion for new trial. On June 18, 2021, Rouzan filed a motion for out-of-time appeal based on his counsel's failure to file a timely notice of

appeal. The trial court granted the motion on June 21, 2021, and Rouzan filed a notice of appeal on July 12, 2021.

However, in *Cook v. State*, ___ Ga. ___ (___ SE2d ___) (2022 Ga. LEXIS 65, 2022 WL 779746) (Case No. S21A1270, decided Mar. 15, 2022), this Court eliminated the judicially created out-of-time-appeal procedure in trial courts, holding that a trial court is "without jurisdiction to decide [a] motion for out-of-time appeal" on the merits because "there was and is no legal authority for motions for out-of-time appeal in trial courts." Id. at ___ (5) (slip op. at 82). *Cook* also concluded that this holding is to be applied to "all cases that are currently on direct review or otherwise not yet final[,]" id., and directed that "pending and future motions for out-of-time appeals in trial courts should be dismissed, and trial court orders that have decided such motions on the merits . . . should be vacated if direct review of the case remains pending or if the case is otherwise not final." Id. at ___ (4) (slip op. at 80-81).

Accordingly, the trial court's June 21, 2021 order granting Rouzan's motion for out-of-time appeal is vacated, and this case is remanded for the entry of an order dismissing Rouzan's motion. Rouzan is advised that any subsequent attempt to appeal the trial court's March 16, 2021 order re-entering the judgment of conviction and denying his motion for new trial will likely be dismissed as untimely. See OCGA § 5-6-38 (a). Furthermore, the trial court's entry of an order on remand dismissing Rouzan's motion for out-of-time appeal will be unlikely to present any cognizable basis for an appeal. See *Henderson v. State*, 303 Ga. 241, 244 (811 SE2d 388) (2018); *Brooks v. State*, 301 Ga. 748, 752 (804 SE2d 1) (2017). If Rouzan believes that he was unconstitutionally deprived of his right to appeal, he may be able to pursue relief for that claim through a petition for a writ of habeas corpus, along with any other claims alleging deprivation of his constitutional rights in the proceedings that resulted in his conviction. See OCGA § 9-14-41 et seq. Rouzan should be aware of the possible application of the restrictions that

apply to such habeas corpus filings, such as the time deadlines provided by OCGA § 9-14-42 (c) and the limitation on successive petitions provided by OCGA § 9-14-51.

*All the Justices concur.*

**SUPREME COURT OF THE STATE OF GEORGIA**
Clerk's Office, Atlanta

I certify that the above is a true extract from the minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

*Thrine S Barne* , Clerk

3

NAHMIAS, Chief Justice, concurring.

I agree that the trial court's order granting Rouzan's motion for an out-of-time appeal must be vacated and the motion must then be dismissed on remand pursuant to this Court's recent decision in *Cook*. But I emphasize that our ruling today does not preclude Rouzan from seeking relief for the unconstitutional deprivation of his right to a direct appeal in a petition for habeas corpus, where it appears that he should prevail given his counsel's forthright admission in the motion that Rouzan lost his right to appeal because counsel inadvertently failed to file a new notice of appeal after the trial court re-entered the judgment of conviction. In navigating the procedural requirements of habeas corpus, Rouzan would certainly benefit from representation by pro bono counsel so that he can obtain his direct appeal and again raise his strong claims that on remand from this Court's initial decision in this case, the trial court disregarded both the law of the case doctrine and the law regarding

admission of other-acts evidence under OCGA § 24-4-404 (b) and that he is therefore entitled to a new trial.

I am authorized to state that Presiding Justice Boggs and Justices Warren, Bethel, and Colvin join in this concurrence.