# Court of Appeals
# of the State of Georgia

ATLANTA,  June 21, 2022

*The Court of Appeals hereby passes the following order:*

**A22A1607. JOHN BURKHART v. THE STATE.**

In June 2021, John Burkhart entered a negotiated guilty plea to one count of aggravated assault/family violence and two counts of aggravated battery/family violence. He was sentenced as a first offender to a total of fifteen years, with the first four years to be served in incarceration and the balance on probation. Six months after his conviction, Burkart filed a pro se motion for an out-of-time appeal. Relying on the Supreme Court of Georgia's decision in *Cook v. State*, 313 Ga. 471 (870 SE2d 758) (2022), the trial court dismissed that motion. Burkhart then filed the current appeal. For reasons explained more fully below, the appeal also must be dismissed.

In *Cook*, 313 Ga. at 506 (5), the Supreme Court of Georgia eliminated the judicially created out-of-time-appeal procedure, holding that a trial court is "without jurisdiction to decide [a] motion for out-of-time appeal" on the merits because "there was and is no legal authority for motions for out-of-time appeal in trial courts." *Cook* also concluded that this holding would apply to "all cases that are currently on direct review or otherwise not yet final[,]" id., and directed that "pending and future motions for out-of-time appeals in trial courts should be dismissed[.]" Id. at 505 (4). The trial court, therefore, acted correctly in dismissing Burkhart's motion for an out-of-time appeal, and the dismissal order presents no cognizable basis for an appeal.[1] See *Henderson v. State*, 303 Ga. 241, 244 (2) (811 SE2d 388) (2018).

---

[1] If Burkhart believes that he was unconstitutionally deprived of his right to an appeal, he may be able to pursue relief for that claim, as well as any other claims alleging deprivation of his constitutional rights in the proceedings that resulted in his

Accordingly, this appeal is DISMISSED. *Henderson*, 303 Ga. at 244 (2).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __06/21/2022__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

conviction, by way of a petition for writ of habeas corpus. See OCGA § 9-14-41 et seq. Burkhart should be aware, however, of the restrictions that may apply to such habeas corpus filings, including the time deadlines provided by OCGA § 9-14-42 (c) and the limitation on successive petitions provided by OCGA § 9-14-51.