NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: January 28, 2025

S25A0056.  WILSON v. THE STATE.

PETERSON, Presiding Justice.

Shamar Dequan Wilson appeals his convictions related to the robbery and death of Rashawn Mays and the attempted armed robbery of Adrian Bennett.[1] On appeal, Wilson argues that the evidence was insufficient to prove his guilt beyond a reasonable

---

[1] The crimes occurred on January 22, 2020. On April 30, 2021, a Lowndes County grand jury indicted Wilson, charging him with felony murder (Count 1), armed robbery of Mays (Count 3), attempted armed robbery of Bennett (Count 5), and possession of a firearm during the commission of a felony (Counts 2, 4, and 6).  At a January 2022 trial, the jury found Wilson guilty of all counts.  On March 2, 2022, the trial court sentenced Wilson to life with the possibility of parole for felony murder (Count 1), a consecutive 5-year sentence for possession of a firearm during the commission of a felony (Count 2), a concurrent 10-year sentence for attempted armed robbery (Count 5), and a concurrent 5-year sentence for possession of a firearm during the commission of a felony (Count 6). The trial court merged the armed robbery (Count 3) and possession of a firearm during the commission of a felony (Count 4) counts.  On March 8, 2022, Wilson timely filed a motion for a new trial, which was amended on January 24, 2024. After a hearing, the trial court denied Wilson's motion. On June 20, 2024, Wilson timely filed a notice of appeal, and the case was submitted to this Court's term beginning in December 2024 for a decision on the briefs.

doubt as to the count of attempted armed robbery and associated count of possession of a firearm during the commission of a felony.[2] We disagree and affirm.

Viewed in the light most favorable to the verdict, the evidence presented at trial showed the following. On January 22, 2020, Mays picked up Bennett at a Winn Dixie in Valdosta. After stopping at another store, Mays and Bennett drove to a house that Mays was renting from Bennett. When they arrived, Wilson was on the porch, and Rashaad Johnson, who gave Wilson a ride, was in a truck in

---

[2] Wilson asks the Court to reverse all of his convictions on the basis of insufficient evidence. But he makes specific arguments only as to attempted armed robbery (Count 5) and the associated count of possession of a firearm during the commission of a felony (Count 6). As a result, we address only whether the evidence was sufficient to support Wilson's convictions on Counts 5 and 6. See Supreme Court Rule 22; *Davenport v. State*, 309 Ga. 385, 391-399 (4) (846 SE2d 83) (2020) (holding that this Court no longer routinely reviews the sufficiency of the evidence sua sponte in non-death penalty cases).

Although we do not address whether the evidence was sufficient to support Wilson's felony murder conviction, we "retain jurisdiction because the appeal arises from a case 'in which a sentence of death was imposed or could be imposed' under Ga. Const. Art. VI, Sec. VI, Par. III (8)." *Henderson v. State*, 303 Ga. 241, 244 (1) (811 SE2d 388) (2018) (citation and punctuation omitted); see *Garcia-Jarquin v. State*, 314 Ga. 555, 555 n.1 (878 SE2d 200) (2022) (exercising jurisdiction where the defendant was convicted of malice murder and aggravated assault but argued on appeal only that the evidence was insufficient to support his aggravated assault charge). But see id. at 557 (Bethel, J., concurring) (criticizing as incorrect our precedent on jurisdiction and encouraging reconsideration).

front of the house. Wilson wanted to purchase marijuana from Mays, but did not have enough money. After unsuccessfully attempting to convince Mays to sell him marijuana at a reduced price, Wilson left with Johnson. Wilson and Johnson left in search of an ATM and then returned to Mays's home. Johnson stayed in the truck while Wilson got out and continued his discussion with Mays.

At trial, Bennett testified that even though Wilson still did not have enough money to purchase the quantity of marijuana he wanted, Wilson and Mays eventually came to an agreement. Mays and Bennett then went inside the house and closed the door. After Mays finished weighing and packaging the marijuana, Wilson came into the house and shot Mays in the head. Wilson then pointed the gun at Bennett, who got on the ground. Wilson asked him "where's the money[,]" and Bennett replied that he did not know. Bennett looked up at Wilson and began pulling out his wallet and phone to throw on the ground. In response, Wilson said "no"; Bennett testified that Wilson's response was "almost like he didn't want [Bennett] to see him." Wilson then grabbed the money and marijuana from a

3

table in the room and ran out the door. After Wilson left, Bennett called 911 from his phone.

Wilson contends that the evidence was insufficient as a matter of constitutional due process to support his convictions for the attempted armed robbery of Bennett (Count 5) and the associated count of possession of a firearm during the commission of a felony (Count 6). Specifically, Wilson argues the State failed to prove that he unlawfully attempted to take property from Bennett because Wilson responded "no" when Bennett offered his wallet and Wilson took property belonging to Mays only. Wilson further argues that because the State failed to prove that he committed attempted armed robbery, the evidence is also insufficient to support his conviction for possession of a firearm during the commission of the attempted armed robbery.

When reviewing the sufficiency of the evidence as a matter of constitutional due process, we view the evidence in the light most favorable to the verdict and inquire whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt.

4

See *Jackson v. Virginia,* 443 U.S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979). "Under this review, we must put aside any questions about conflicting evidence, the credibility of witnesses, or the weight of the evidence, leaving the resolution of such things to the discretion of the trier of fact." *Mims v. State,* 304 Ga. 851, 853 (1) (a) (823 SE2d 325) (2019) (citation and punctuation omitted). To convict Wilson of attempted armed robbery, the State was required to prove that Wilson unlawfully attempted to take property belonging to Bennett by use of an offensive weapon. See OCGA §§ 16-4-1, 16-8-41 (a). Criminal attempt means "with intent to commit a specific crime, [Wilson] perform[ed] any act which constitute[d] a substantial step toward the commission of that crime." OCGA § 16-4-1.

Here, Bennett testified that Wilson pointed a gun at him, and he got on the ground. Wilson then asked Bennett where "the money" was. A reasonable jury could have concluded that Wilson's demand for money was not merely a demand for Mays's money. In fact, Bennett understood Wilson's question as a demand for his money

and began to take out his wallet and phone. Wilson argues that his statement of "no" in response to Bennett taking out his wallet showed that he had no intent to take Bennett's property; but a reasonable jury could infer that Wilson did not take Bennett's wallet and phone because he did not want Bennett to look at him. Thus, there was sufficient evidence for a reasonable jury to conclude that Wilson attempted to take property belonging to Bennett, and we affirm Wilson's conviction under Count 5. See *Walker v. State*, 294 Ga. 752, 752-753 (1) (755 SE2d 790) (2014) (identifying sufficient evidence to support convictions for both armed robbery and felony murder predicated on an attempted armed robbery conviction, where the defendant made a general demand for money, took money from one victim, and fatally shot second victim who said he did not have any money).

Because the evidence was sufficient to support Wilson's attempted armed robbery conviction, and Bennett testified Wilson possessed a firearm during the attempted armed robbery, there was also sufficient evidence to support Count 6.

6

*Judgment affirmed. All the Justices concur.*